Ratteree vs. The State of Georgia.

RATTEREE *vs.* THE STATE OF GEORGIA.

1. Under an accusation for obtaining credit for goods by making fa..se representations, the evidence for the State showed, in brief, as follows: Defendant obtained the goods, representing that he was employed by the Central Railroad Company, and time was given for payment. In fact, he was not employed by that company, but by another as good and solvent. The wages of the employés of the Central company were paid half a month in advance of those of the other company. Defendant made no statement as to when his wages would be paid, but the prosecutor testified that he knew the times of payment. The prosecutor swore that he would not have let the defendant have the goods if the latter had told him correctly which company he was working for; but it did not appear that defendant knew the impression under which the prosecutor acted. Defendant was convicted:

*Held,* that the charge of the court having ignored the charge made by the accusation, and which the evidence tended to establish, if it tended to establish any crime, namely, lying to obtain credit, for error in the charge, as well as the fact that the evidence and accusation did not correspond, and that neither is sufficient to uphold the conviction, a new trial is granted.

2. If the grounds of a motion for new trial are not correct, counsel should be required to make them so before they are verified.   If the motion, which goes into and forms part of the bill of exceptions, is incorrect, it should be corrected in the manner pointed out by the statute.   The practice of correcting grounds of a motion by notes generally referring to the entire charge for corrections, is bad.

3. Under the liberal system of pleading in this State, it was proper to overrule a motion in arrest of judgment.   The accusation does not set forth the offence in the terms and language of the code, yet it may be that it states it so distinctly that the jury may understand it.

4. The exception to the charge in relation to the force and effect of the defendant's statement, and the considerations which detract from or support it, is not well taken; it is substantially the same as that in 71 *Ga.* 276, which this court approved.

JACKSON, C. J., dissenting.

October 19, 1886.

Criminal Law.   New Trial.   Charge of Court.   Pleadings.   Indictment.   Before Judge VAN EPPS.   City Court of Atlanta.   June Term, 1886.

Leonard Ratteree was tried on an accusation charging him with cheating and swindling, under §4595 of the code, and on the trial, was convicted.   He moved for a new trial on the following grounds, in substance :

(1)–(5.) Because the verdict was contrary to law, evidence and the charge of the court.

(6.) Because the court charged as follows:   " If, gentlemen of the jury, you are satisfied from the evidence, beyond a reasonable doubt, that the defendant, Ratteree, told the prosecutor, McManaman, that the defendant was working for the Central Railroad Company at a certain time and place, as stated in the accusation against the defendant; and if you are satisfied from the evidence that, in truth and in fact, the defendant was not then working for the

Central Railroad Company, but was then and there working for another and different railroad company; and if you are further satisfied from the evidence, beyond a reasonable doubt, that said false statement was made by the defendant to the said prosecutor knowingly and wilfully, and that the prosecutor was deceived thereby, you would be authorized to find the defendant guilty."

(7.) Because the court charged as follows : " The defendant has made his statement in your hearing.  The law says you may give this statement just such weight and credit as you may deem proper; that you may believe it in preference to the sworn testimony in the case.   But I charge you, gentlemen, to consider that the defendant's statement is not made under the solemnity of an oath, and that he is not liable to the pains and penalties of perjury or false swearing for anything he said in his statement."

The motion was overruled, and the defendant excepted.

Geo. S. Thomas, for plaintiff in error.

C. D. Hill, solicitor-general; Jas. Mayson; Wm. P. Hill, for the State.

Hall, Justice.

1. Ratteree was indicted for cheating and swindling, under §4595 of the code, and found guilty; thereupon he made a motion for a new trial upon various grounds, which being refused, he excepted to the decision and brought the case to this court by writ of error. The accusation charged the    defendant,   on   the   day   named   therein,   "with obtaining credit for certain goods belonging to the prosecutor's wife, of the value of $25.00, by the use of deceitful means and artful practices," viz. by falsely representing to prosecutor that he was working for the Central Railroad Company, thereby defrauding the said prosecutor's wife of the goods to that amount.   It will be perceived that this indictment, framed upon a very broad and

indefinite section of the code, is itself very general and indefinite, and does not, by any specific allegation, show in what respect and by what particular means the prosecutor's wife was defrauded or injured by this alleged false representation. This, by way of general remark, in anticipation of what we shall have to say upon the facts as developed by the proof, for according to the evidence, it is quite manifest that the prosecutor was not misled to the injury of the owner of the goods sold on credit, even admitting that the representation, as charged, was knowingly and wilfully false. While the evidence for the State shows that at the time the representation was made and the goods were delivered on it, and when time was given for their payment, the defendant was not in fact working for the Central Railroad Company, but was working for another railroad company (the Atlanta and West Point), as good and as solvent as the Central, it also shows that the monthly wages of the employés would have been paid a half month earlier by the Central than by the other company ; and in this it is contended that the fraud and deception consisted. The defendant stated nothing as to the time when his wages would be paid, and was not questioned upon that point, but the prosecutor swore that he knew this fact; and it is now insisted, but without alleging it in the accusation, that this was such an artifice and deceitful contrivance as would of itself constitute the offence of cheating and swindling. This aspect of the case, judging from the charge, did not seem to have impressed the court, as the judge was of opinion that the misrepresentation made as to defendant's employer, if made knowingly and wilfully and with a view to mislead and injure the party complaining, was sufficient of itself to maintain the accusation. While it is true that if the defendant was dissatisfied with the charge, he should have requested more particular instructions upon the point, yet we cannot conclude that, when the prosecutor, by his evidence, shows that the defendant was working for a road of equal

credit and responsibility with that for which he represented himself as working, this would establish the fact that the defendant knowingly and wilfully made this represen- tation with a deliberate purpose to mislead, cheat and de- fraud, or of obtaining credit by such means and such an artifice, or that the prosecutor was in fact cheated and de- ceived to his injury thereby. True he swore that he would not have let the defendant have the goods if he had told him that he was working for the Atlanta and West Point Railroad instead of the Central; but why would he have refused? Not for any want of confidence in the solvency and disposition of that road to pay its servants, but be- cause the credit was extended to the 9th day of the month, and the next day was that on which the wages of the la- borers on the Atlanta and West Point road were due and were to be paid, and he supposed that defendant wanted a longer credit than a day. The Central paid on the 23d of the month; these facts he knew, but it does not appear that the defendant had information that such was the prosecutor's apprehension of the matter, or that such was the impression under which he acted. Not getting his pay on the 24th, he at once pro- ceeded to have the defendant arrested for cheating and swindling, without waiting until the tenth of the follow- ing month, when it was probable he would be in funds and might pay. It would, under the circumstances, have been quite as natural and much more charitable to conclude that the parties misapprehended each other as to the terms of the credit and the source from which defendant's pay was to be received, than that he wilfully lied to obtain a credit of fifteen days more than the prosecutor thought he was asking. When reduced to its last analysis, and placing on the transaction a construction most unfavorable to the defendant, it amounts only to this, that he was charged with lying to obtain a credit on the faith of wages earned or to be earned by working for a certain named railroad company, but by which he was not in fact em-

ployed. How this is to be taken out of the principle es-tablished by *Ryan's* case, 45 *Ga.* 128, it is difficult to un-derstand. There it was held that, where an advance of twenty dollars was made to a laborer on a promise to work it out, and the laborer afterwards refused to do so, he was not guilty of the offence of being a common cheat and swindler. Had this been a false representation of a past fact, and had there been no intermixture of any under-taking to pay from the earnings of future labor for a named party, the result reached might, with more show of reason and authority, have been sustained. 2 Russell on Crimes, 9 Am. from 4th London ed. 623, 624, marg. pp. and notes. It must be remembered, too, that while this is claimed to be an accusation for obtaining goods under false pretences and by the use of deceitful means, it is by the evidence established, as alleged in the pleading, a charge of lying to obtain credit, and would more properly fall under §4587 of the code than under section §4595 thereof, and being provided for in the former, it is by the express terms of the latter section excluded from its operation, the language thereof being "deceitful means or artful practices (other than those which are mentioned and provided for in the code.)"

The distinction here pointed out we think is made mani-fest when the language of §4597 of the code, which makes lying to obtain endorsers or securities a crime, is com-pared with other provisions of the code relating to the various kinds of cheating and swindling. The charge of the court did not present, but wholly ignored, the offence which the accusation made, viz. lying to obtain credit, and which the evidence tended to establish, if, indeed, it had a tendency to establish any crime whatever. We think the exception taken to the charge of the court, be-cause of his failure to instruct the jury upon this subject, though not specifically and formally set forth, is well founded. Error is alleged as to a single principle set forth, with the modification made by reference to the entire

charge in the 6th ground of the motion for a new trial, and for this error, as well as the further fact that the evidence and indictment do not correspond, and that neither is sufficient to uphold the conviction, we think it best to send this case back for another hearing.

2. It is not amiss to remark again that the mode resorted to in this case for correcting errors in the grounds of motions for new trial, as presented by counsel, is highly objectionable. The judge, before verifying such grounds, should see to it that each of them is perfect; that it speaks the truth, the whole truth and nothing but the truth. This would relieve the court of the labor of perfecting the pleadings by having to go over much of the record, which, we respectfully suggest, is a task more properly devolving upon counsel than upon us. If the motion, which goes into and forms a part of the bill of exceptions, is erroneous, it should be corrected in the manner pointed out by the statute. A word to the wise, we hope, will prove sufficient, and that we shall not have further occasion either for complaint or for more decisive action in relation to this matter.

3. Under our liberal system of pleading, we do not feel authorized to sustain defendant's motion in arrest of judgment. It certainly does not set forth the offence in the terms and language of the code, yet it may be that it states it so plainly that the jury may understand it.

4. The exception to the charge in relation to the force and effect of the defendant's statement, and the considerations which detract from or support it, is not well taken. It is substantially the same as that in *Poppell's* case, 71 *Ga.* 276, which we approved.

Judgment reversed.

BLANDFORD, Justice, concurred, but furnished no written opinion.

JACKSON, Chief Justice, dissented, but furnished no written opinion.