GARLINGTON *v.* THE STATE.

1. An allegation in an indictment for cheating and swindling that the accused "did falsely and fraudulently represent . . . that he owned ten acres of cotton now up and growing in Henry county," is not supported by evidence that the accused represented he "was going to cultivate about ten acres of cotton on land in Henry county," and promised to give a mortgage "on the cotton after it was planted."

2. The evidence, taken most strongly against the accused, showed nothing more than the breach of a contract on his part, and failed to establish the charge in the indictment that he obtained credit by making false and fraudulent representations as to his

alleged existing possessions. Accordingly, the court erred in not sustaining the *certiorari*.

January 13, 1896:

*Certiorari.* Before Judge Clark. Newton superior court. September term, 1895.

*John A. Wimpy*, for plaintiff in error.

*John S. Candler, solicitor-general*, contra.

LUMPKIN, Justice.

Garlington was convicted in the county court, upon an indictment transferred from the superior court, of the offense of cheating and swindling. His *certiorari*, sued out to reverse the judgment of the county court, was overruled, and he excepted.

The charge against him was that, with intent to defraud the prosecutor, he "did falsely and fraudulently represent . . that he owned ten acres of cotton now up and growing in Henry county," and that by reason of this false and fraudulent representation he obtained $28.00 worth of guano. · The only evidence offered in support of the indictment, in so far as it related to the representation made by the accused, merely showed that he had stated to the prosecutor he "was going to cultivate about ten acres of cotton on land in Henry county," and promised to give a mortgage "on the cotton after it was planted." In other words, the evidence showed that the accused obtained the guano on credit, by promising that he would do certain things, and not on the faith of any property or means which he claimed to have at the time the credit was extended to him. At most, then, the State only succeeded in proving a breach of a contract on his part. It would never do to hold that a mere breach of contract would be sufficient to subject a citizen of this State to criminal prosecution. Such a doctrine, if vigorously enforced, would result in the conviction and punishment, by incarceration or otherwise, of a large number of persons, including many very respectable people.

The law of this case was settled by the decision of this

court in the case of *Ryan* v. *State*, 45 *Ga.* 128, in which it was held, quoting from 2 Russ. on Crimes (5th Am. ed.), 289, that: "A pretense that a party would do an act which he did not mean to do (as a pretense that he would pay for goods on delivery) was holden not to be a false pretense." This decision was approved in the case of *Ratteree* v. *State*, 77 *Ga.* 779.

The conviction of the accused was wholly unwarranted under the evidence, and the *certiorari* ought to have been sustained.    *Judgment reversed.*