## CALHOUN v. THE STATE.

One who makes a contract to purchase of another an article of merchandise and agrees to pay therefor a sum of money, and, after the contract is completed, agrees that if the purchase-price of the article is not paid at the time stipulated, service or labor to the value of such purchase-price will be performed for the other contracting party, is not, upon a failure to pay the purchase-price or perform the service referred to in lieu thereof, indictable under the provisions of the act approved August 15, 1903.

Argued December 21, 1903. — Decided January 12, 1904.

Accusation of cheating and swindling. Before Judge Taliaferro. City court of Sandersville. October 29, 1903.

*Evans & Evans,* for plaintiff in error.

*Gus. H. Howard, solicitor,* and *J. E. Hyman,* contra.

COBB, J.    The accused was arraigned in the city court of Sandersville, upon an accusation charging him with a violation of the provisions of an act approved August 15, 1903.    Acts 1903, p. 90.    Having waived trial by jury, the judge, after hearing evidence, entered a judgment declaring the accused to be guilty.    To this judgment the accused excepted, upon the ground that under the uncontradicted evidence no offense against the laws of this State had been proved.    The act under which the accused was tried is as follows: Section 1. " If any person shall contract with another to perform for him services of any kind, with intent to procure money or other thing of value thereby, and not to perform the service contracted for, to the loss and damage of the hirer; or, after having so contracted, shall procure from the hirer money, or other thing of value, with intent not to perform such service, to the loss and damage of the hirer, he shall be deemed a common cheat and swindler, and upon conviction shall be punished as prescribed in section 1039 of the Code.    Sec. 2. Be it further enacted, that satisfactory proof of the contract, the procuring thereon of money or other thing of value, the failure to perform the services so contracted for, or failure to return the money so advanced with interest thereon at the time said labor was to be performed, without good and sufficient cause, and loss or damage to the hirer, shall be deemed presumptive evidence of the intent referred to in the preceding section."    There was only one witness sworn in the case, and the following is his entire testi-

mony as it appears in the record : " I am the prosecutor in this case, and on the 26th of August I met the defendant in the road. I had a barrel of fish which I was selling in bunches.  I did not know the defendant at that time, but he asked me to sell him a string of fish, which I told him I would for twenty cents.  I sold him the fish for twenty cents.    He did not have the money, but I agreed that he might pay it on the next Saturday.    He then agreed that if he did not pay the money on the next Saturday, when it was due, that he would work the same out with me on the next Monday following the day when the money was due. He did not pay the money on the next Saturday when it was due, and he did not come on the next Monday to work it out, as he had promised to do.    The defendant was in the employ of W. L. Henderson when I made the trade with him, and he was driving his wagon at the time.    I would not have sold him the fish except for the promise made.  I have never received my money nor the fish back.    I saw the defendant next day after he had promised to work, and asked him about it, and he gave no excuse for not coming, but said he would come that day ; but he didn't."

Taking this testimony in its entirety, it establishes that there was a sale of the fish by the prosecutor to the accused for the sum of twenty cents.    This was the contract.    It does not distinctly appear that the fish were immediately delivered, but it does appear that after this contract was entered into the accused agreed that if he did not pay the money at the time stipulated, he would perform labor or service for the prosecutor to the extent of the purchase-price of the fish.    There is nothing to indicate that the contract of sale, which called for a bunch of fish to be paid for with twenty cents in money, was in the least modified or changed. We do not think this transaction falls within either the letter or the spirit of the act above referred to.    The act relates to transactions where a person makes a contract with another to perform service with intent to procure money or other thing of value. In the present case there was no contract of this character.    There was a contract to pay money for an article, and a subsequent agreement that if the money was not paid the purchase-price of the article would be paid in service.    Criminal laws are to be construed strictly ; and giving the act the strict construction which the law requires, we do not think the transaction detailed in the

record comes within the provisions of the act. We have reached this conclusion without reference to whether the act is unconstitutional for any reason. For the purposes of this case we have treated it as a valid law, but nothing herein said is to be construed as indicating any opinion on the question of the constitutionality of the legislation. Under the view we have taken of the case, there is nothing in the record which requires a decision at this time upon any question relating to the constitutionality of the act. This legislation was probably the result of the decision in *Ryan* v. *State*, 45 *Ga.* 128, which was approved in *Ratteree* v. *State*, 77 *Ga.* 774, and in *Holton* v. *State*, 109 *Ga.* 129. Whether it is in the power of the General Assembly to change the rule laid down in these cases in the manner indicated in the act of 1903 will be determined when that question is directly raised.

*Judgment reversed. All the Justices concur.*