## 12543. TOWNSEND *v.* THE STATE.

1. It was not error to overrule the demurrer to the accusation.
2. An allegation as to admission of specified testimony, not verified by the answer to the writ of certiorari, cannot be considered.
3. An assignment of error not argued in the brief of counsel for the plaintiff in error is treated as abandoned.

4. Under the evidence demanding a conviction under the Penal Code, § 703, on which the accusation was based, and under the court's specific instructions to the jury, the error at the beginning of the charge, of inadvertently reading P. C. § 719, and stating that the accused was being tried thereunder, was harmless. LUKE, J., dissents.

5. Where the court charged the jury substantially as to the elements of the offense in question, if the precise words of the statute were desired for instruction, a timely written request therefor should have been presented.

6. The certiorari was properly overruled.

                    DECIDED JULY 28, 1921.

Certiorari; from Fulton superior court — Judge Pendleton. May 26, 1921.

*Sims & Howard,* for plaintiff in error.

*John A. Boykin, solicitor-general, Roy Dorsey, solicitor, E. A. Stephens,* contra.

BROYLES, C. J. 1. The court did not err in overruling all the grounds of the demurrer interposed to the accusation.

2. The 4th assignment of error in the petition for certiorari is based upon the admission of specified testimony. The allegations in the petition as to the admission of this testimony are not verified by the answer of the trial judge, and therefore the assignment of error cannot be considered.

3. The 3d assignment of error in the petition for certiorari (complaining of the admission of certain testimony) is not argued in the brief of counsel for the plaintiff in error, and therefore is treated as abandoned. The mere statement in the brief, that "for other assignments of error we respectfully refer to the certiorari as a clear statement of complaints as we could make here,". cannot be considered as an argument. See, in this connection, *O'Neal* v. *State, 24 Ga. App.* 335 (100 S. E. 787), and citations.

4. The accusation was based upon section 703 of the Penal Code, which makes it a misdemeanor for any person, by false representation of his own respectability, wealth, etc., to obtain a credit from some other person and thereby defraud him of any money or other valuable thing. Section 719 of the Penal Code provides that "any person using any deceitful means or artful practice, other than those which are mentioned in this Code, by which an individual, or a firm, or a corporation, or the public is defrauded and cheated, shall be punished as for a misdemeanor." The judge, in the beginning of his charge, read sec-

tion 719, and inadvertently. stated to the jury that the defendant was being tried under that section. This error, however, was harmless, for the following reasons: (1) the evidence demanded the defendant's conviction under section 703 of the Penal Code, and (2) the judge in his charge specifically called the jury's attention to the various allegations in the accusation and instructed them, in substance, *that all of those averments must be proved by the State, beyond a reasonable doubt, before the defendant could be convicted,* and furthermore, the court charged *solely* upon the allegations of the accusation, and did not refer at all to any other "deceitful means or artful practice." Under these circumstances no jury of ordinary intelligence could have been misled or confused by the inadvertent statement of the court as above set forth. The only case cited by counsel for the plaintiff in error to sustain their contention that this error of the court was harmful is *Ratteree* v. *State, 77 Ga. 774.* In that case, however, the trial judge in his charge *wholly ignored the offense as set forth in the accusation,* and because of that error, and also because, as stated by the Supreme Court, "*the evidence and indictment did not correspond, and neither is sufficient to uphold the conviction*" (italics ours), the case was sent back for a new trial. In the instant case the judge in his charge specifically and fully instructed the jury upon the offense as set forth in the accusation, and the evidence and the accusation corresponded perfectly and both were amply sufficient to uphold the verdict of guilty.

5. There is no merit in the assignment of error that the judge failed, in his charge, to read section 703 of the Penal Code. The court substantially instructed the jury as to the elements of the offense charged, and if it was desired that the precise words of the statute should be given, a timely written request therefor should have been presented.

6. The verdict was demanded by the evidence, and the judge of the superior court properly overruled the certiorari.

*Judgment affirmed. Bloodworth, J., concurs. Luke, J., dissents.*

LUKE, J., dissenting. I think that the 3d assignment of error in the petition for certiorari was sufficiently argued in the brief of counsel for the plaintiff in error to warrant a consideration thereof by this court; and, in my opinion, the ruling complained of therein was reversible error. Moreover, I cannot agree that

the court did not commit error in charging the jury, for the following reason: The accusation charged the defendant with violating section 703 of the Penal Code. This section refers to cheating and swindling by false representations as to one's wealth, etc., and, in my opinion, it was error for the court to instruct the jury that the defendant was charged with a violation of section 719 of the Penal Code, which declares that "Any person using any deceitful means or artful practice, *other than those which are mentioned in this Code,* by which an individual, or a firm, or a corporation, or the public is defrauded and cheated, shall be punished for a misdemeanor." (Italics mine.) Neither can I concur with the ruling of the majority that the evidence demanded the defendant's conviction; and, for the reasons stated above, it is my judgment that a new trial should result.