JACOB RYAN, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

(BY TWO JUDGES.)—1. Where A advances $20 to a laborer on a promise of the latter to work it out, and the laborer afterwards refuses to do so, he is not guilty of the offense of being a common cheat and swindler.
2. It is not encumbent upon the District Attorney to follow cases from that Court into the Supreme Court. (R. See end of Report.) 12th March, 1872.

Criminal law.    Practice.    Before Judge COLE.    Chambers.    Twiggs county, 1870.

Ryan was convicted in the District Court of being a common cheat and swindler. The evidence was that Ryan had borrowed $20 upon his promise to return to the lender's place and work to repay the money, and then refused to comply with his promise or repay the money. Ryan's counsel sued out *certiorari* before Judge Cole, who held that the conviction, under the facts, was right. That is assigned as error.

(When the case was called here the District Attorney was not present. An attorney stated that he had requested *him* to appear in the case if it was his duty to appear here. This Court said it was not his duty. And so there was no appearance for the State.)

J. D. JONES, by B. H. HILL, Jr., for plaintiff in error. What is a cheat and swindler? R. Code, sec. 4507. A promise is not a pretence: 2 Bish. Cr. L., 400, 401 ; 1 Den. C. C., 563; 2 Moody C. C., 254; 2 Rob. (N. Y.) R., 500.

No appearance for the State.

MONTGOMERY, Judge.

The plaintiff in error in this case, represented to the prosecutor, that if he would let him have $20 he would come and work it out with him. The prosecutor let him have the money, and prisoner refused to comply with his

contract, whereupon prosecutor indicted him for being a common cheat and swindler.

"A pretence that a party would do an act which he did not mean to do, (as a pretence that he would pay for goods on delivery) was holden not to be a false pretence :" 2d Russell on Crimes, (5th Am. Ed.) 289. The present case comes within the principle quoted.

Judgment reversed.