## MILLER *v.* THE STATE.

*Lumpkin, J.*—1. The offense of being a common cheat and swindler is not committed by making false and fraudulent representations for the purpose of inducing another to contract, and by means of which the latter is defrauded, when such representations, whether in the form of a promise or in any other form, are mere statements of what the person who makes them deems the future will bring forth. To be the basis of a prosecution for this offense, the false representations must relate either to the past or to the present. 2 Bish. New Crim. Law, §240; 2 Russ. Cr. (6th ed.) 511 *et seq.*; 7 Am. & Eng. Enc. of Law, 714. And see *Ryan* v. *State,* 45 Ga. 128; *Ratteree* v. *State,* 77 Ga. 774.

2. Accordingly, to knowingly, falsely and fraudulently represent that a cow would give three gallons of milk per day, for the purpose of inducing another to buy her, is not an indictable offense. In *Parks* v. *State*, 94 *Ga.* 601, the representations as to the cow related to her then present milk-yielding capacity.

3. The court erred in overruling the demurrer to the accusation.
June 8, 1896.   By two Justices.                    *Judgment reversed.*

Accusation of cheating and swindling.   Before Judge Berry.   Criminal court of Atlanta.   March term, 1896.

The accusation charged that on December 21, 1895, by deceitful means and artful practices Miller cheated and defrauded J. W. Robbins out of one cow of the value of $20, and $10 in money, in the following way:   In order to induce Robbins to buy defendant's cow, defendant represented to Robbins that his cow would give three gallons of milk a day and was all right in every respect.   Believing this representation to be true, Robbins was induced thereby to buy the cow and did buy her, and paid for her by giving Robbins' cow, which he valued at $20, and $10 in money, in payment for defendant's cow.   Said representation was false and the cow was not right in every respect, for she did not give three gallons of milk a day and she died without any apparent cause within three weeks after Robbins had bought her; and defendant knew at the time he made said representations that they were false and fraudulent, and made them for the purpose of cheating and defrauding Robbins out of the amount aforesaid.

Defendant excepted to the overruling of his demurrer, the ground of which is indicated by the head-notes.

*Rosser & Carter* and *W. W. Visanska,* for plaintiff in error.