## GARNER *v.* THE STATE.

1. The offense defined in section 670 of the Penal Code was sufficiently charged in an indictment which, in substance, alleged that the accused, with intent to cheat and swindle a named person, bought from him, in a designated county, described personal property, and paid for the same with a check upon a specified bank in another county, falsely and fraudulently stating at the time of the purchase that the check would be paid on presentation; the indictment also further alleging that the accused, after obtaining possession of the property, falsely and fraudulently, and with intent to cheat and swindle the

seller, went to the bank in question and stopped payment of the check, so that the seller was in fact defrauded.

2. Construing all of its allegations together, such an indictment, in effect and with sufficient distinctness, charged that a fraudulent intent to stop payment of the check had been formed and existed in the mind of the accused at the time of the purchase; and, therefore, the venue was properly laid in the county first above indicated.

3. If, however, the accused, at the time of purchasing, had in the bank money with which to pay the check, and purchased in good faith with no then existing fraudulent intention of stopping the payment of the check, the fact that he subsequently, in the county where the bank was located, formed and carried out such an intention, would not subject him to indictment in the county where the purchase was made.

Argued February 15,—Decided February 23, 1897.

Indictment for cheating and swindling. Before Judge Hutchins. Gwinnett superior court. September term, 1896.

*F. R. Walker* and *N. L. Hutchins, Jr.*, for plaintiff in error. *C. H. Brand, solicitor-general*, contra.

LUMPKIN, Presiding Justice.

An indictment returned by the grand jury of Gwinnett county was transferred to the county court for trial. It charged John T. Garner with the offense of being a common cheat and swindler, "for that the said John T. Garner, on the 20th day of July, in the year of our Lord one thousand eight hundred and ninety-five, in the county aforesaid, with force and arms, with intent to cheat and swindle one W. A. Lee, did then and there use certain deceitful means and artful practices upon said W. A. Lee, to wit: by then and there falsely and fraudulently buying from the said W. A. Lee a certain buggy and paying for the same with a check upon the bank of John H. and A. L. James, of Atlanta, Ga., and falsely and fraudulently stating that said bank check would be paid upon presentation; and by then and there, after having so given the said check and taken possession of said buggy, falsely and fraudulently, and with intent to cheat and swindle said W. A. Lee, going to the bank of said John

H. and A. L. James and stopping the payment of the said ·check, and drawing out the money he had on deposit in :said bank; and by such deceitful means and artful practices, :as aforesaid, did then and there cheat and swindle the said W. A. Lee, and to the damage of said W. A. Lee in the sum ·of ten dollars on account of the refusal by said bank to cash .said check aforementioned."

The accused was found guilty; carried the case by certiorari to the superior court, and now excepts to its judgment affirming the judgment rendered by the county court. The assignments of error contained in the petition for certiorari present for consideration two material questions: first, whether the indictment sufficiently charged a violation ·of section 670 of the Penal Code; and second, whether or not the accused could be lawfully convicted under this indictment, if at the time of purchasing the buggy he was acting honestly and in good faith, and then had no intention of defrauding the prosecutor by subsequently stopping the payment of the check.

1, 2. The indictment does not in terms allege that the intention to stop the payment of the check existed in the mind of the accused at the time of making the purchase; but taking all its allegations together, there can scarcely be a doubt that a charge to this effect is necessarily embraced in the language which the indictment does contain. If the accused falsely and fraudulently purchased the buggy, paying for the same with a check upon a bank in another county, and at the same time falsely and fraudulently stated that this check would be paid upon presentation, and if nothing prevented its payment except the order subsequently given by the accused to the bank not to pay the check, it follows with inevitable certainty that the fraudulent intention to give this order must have been in the mind of Garner at the very time he bought the buggy. Otherwise, under this state of facts, his representation that the check would be paid upon presentation could not have been either false or fraudu-

lent. We therefore, without serious difficulty, reach the conclusion that the indictment was sufficient, and that the venue was properly laid in Gwinnett county.

3. The remaining question arises upon a refusal of the county judge to give in charge to the jury a request to the effect, that if the accused made the purchase in good faith, with no intention of stopping the payment of the check, and that such an intention was never formed or acted on in the county of Gwinnett, but only after the accused had gone into the county of Fulton where the bank in question was located, there could be no lawful conviction under this indictment. The refusal to give this instruction was error. The accused certainly could not be convicted of cheating and swindling in Gwinnett county, if everything he did in that county was free from fraud or dishonesty. If he was guilty of any fraud at all, it was an open question, for determination by the jury under the evidence pro and con, whether or not this fraud had its inception in Gwinnett county, or originated in Fulton county. It is manifest, therefore, that the error above indicated is cause for a new trial. Whether or not, upon the assumption that all of the acts of the accused in Gwinnett county were fair and honest, and that he subsequently conceived and carried out in Fulton county a fraudulent intention to stop the payment of the check, Garner would be indictable in the latter county, is not now for determination.

*Judgment reversed. All the Justices concurring.*