## DICKERSON *v.* THE STATE.

False representations to be the basis of a prosecution for cheating and swindling must relate either to the past or the present.    No promise or statement as to what may occur in the future, however false, will serve as a basis for such a prosecution.

Argued May 20, — Decided July 22, 1901.

Accusation of cheating and swindling.    Before Judge Calhoun. Criminal court of Atlanta.    April 20, 1901.

*James E. Warren,* for plaintiff in error.
*E. R. Black, solicitor,* and *S. C. Crane,* contra.

COBB, J.    Dickerson was placed on trial upon an accusation charging him with the offense of cheating and swindling, it being alleged that by deceitful means and artful practices he had cheated and defrauded Siller Smith out of the sum of seventy-five cents. At the trial it appeared from the evidence that he represented to her that he was the agent of an association organized for the pur-

pose of procuring legislation by Congress providing pensions for former slaves. The membership fee in this association was twenty-five cents, which was to be sent to W. R. Vaughn, to be used in furthering the passage of a bill which had been intro-duced into the Senate of the United States, providing pensions for former slaves. Upon the faith of these representations she paid to Dickerson seventy-five cents for three certificates for herself, her father and her mother, respectively. There was evidence that the accused had admitted that the money had not been forwarded to Vaughn but had been used for other purposes, and that he de-nied that he had anything to do with Vaughn or had ever said that he had. The jury returned a verdict finding the accused guilty. A motion for a new trial, upon the general grounds only, having been made and overruled, the accused excepted.

False representations to be the basis of a prosecution for cheat-ing and swindling must relate either to the past or to the present. Any promise or statement as to what may occur in the future, how-ever false, will not serve as a basis for such a prosecution, for the reason that the promise is not a pretense. *Holton* v. *State,* 109 *Ga.* 129, and cases cited. If there has been a false representation as to a past or existing fact, the offense of cheating and swindling is complete, notwithstanding there may have been, as a part of the inducement to the person defrauded to part with his money, a promise by the swindler to be performed in the future. *Thomas* v. *State,* 90 *Ga.* 437. In the present case there was evidence that there was such an association as is referred to in the accusation, and the constitution and by-laws of the association were produced. It appeared that the representations in reference to the organization, its business and purposes, were true. The only representation proved to have been false was the statement by the accused that the money would be sent to Vaughn to be used by him in furthering the pas-sage of the bill which had been introduced in the Senate of the United States, providing pensions for former slaves. This state-ment amounted to nothing more or less than a promise by Dicker-son to forward the amount paid to him to Vaughn to be used by him for the purpose indicated. No representation as to any past or existing fact was contained in this statement. It related exclu-sively to what was to be done in the future. This being true, and all of the other representations made by the accused having been

proved to be true, under the rulings made in the cases above cited,. his promise to forward the money to Vaughn, though made for the express purpose of defrauding the prosecutrix out of her money, and with no intention of performance, was not sufficient to authorize the jury to find him guilty of the offense of cheating and swindling.. The court should have granted a new trial.

*Judgment reversed. All the Justices concurring.*