114  113
Case 2
120   313

## EDGE *v.* THE STATE.

1. A promise relating to the future can not be the basis of a prosecution for
   cheating and swindling.
2. The evidence was wholly insufficient to support the verdict of guilty, which
   should have been set aside on motion for new trial.

Argued October 22, — Decided November 7, 1901.

Accusation of cheating and swindling.    Before Judge Robinson.
City court of Wrightsville.    August term, 1901.

*A. L. Hatcher* and *J. L. Kent*, for plaintiff in error.
*William Faircloth*, solicitor, contra.

LEWIS, J.   The defendant below was convicted of the offense of
cheating and swindling, upon evidence substantially as follows: In
January, 1901, the defendant traded with the prosecutor to make a
crop on halves.   The defendant was to furnish the labor, and the
prosecutor the necessary stock, tools, and supplies.   In June, 1901,
the defendant asked the prosecutor for certain supplies, stating that
he was working the crop and that it was in good condition, and

8

that the supplies requested were needed for the purpose of working the crop. Upon these representations the prosecutor furnished the defendant with supplies amounting in value to $2.77. Shortly afterwards the prosecutor heard (from what source it does not appear) that the defendant had quit the crop, and he went to see the defendant, who was absent at the time he called. He stated that at the time the crop did not look as if it had been worked, though he could not tell whether it had or not. A few days later he again went to see the defendant, and again failed to find him at home; whereupon he told the defendant's wife that they would have to get out at once, as he wanted to put some one in the house who would work the farm. The defendant in his statement admitted having received the supplies, but denied that he had ever abandoned the crop. He stated that he had left home for a few days until he could work out a loan of $8, which he had contracted; that so soon as that was accomplished he intended in good faith to return and finish working the crop, but was prevented from so doing on account of his eviction by the prosecutor.

This evidence we think was clearly insufficient to sustain the conviction of the accused. Even if the defendant had permanently left the prosecutor's farm, moving his family and his effects, he would not be guilty, under the evidence heretofore set out, of the offense of cheating and swindling as defined by the Penal Code or as construed by the decisions of this court. See *Holton* v. *State*, 109 *Ga.* 127, where it was held that false representations acted on by another, in consequence of which he was cheated and defrauded, must, to be the basis of a prosecution for cheating and swindling, relate either to the present or to the past, and that a promise relating to the future can not be the basis of a prosecution for this offense. See also *Ryan* v. *State*, 45 *Ga.* 128, in which it was decided that where one advances money to a laborer on a promise of the laborer to work it out, and the laborer afterwards refuses to do so, he is not guilty of being a common cheat and swindler. In the present case, however, it does not affirmatively appear that the defendant had violated his promise or intended so to do. His family remained on the place, and there was no evidence to contradict his statement that his absence therefrom was merely temporary and that he intended in good faith to carry out his contract, until the prosecutor by his own act rendered it impossible for him to do so.

The verdict finding him guilty was therefore contrary to law and the evidence, and should have been set aside on motion for new trial.　　　*Judgment reversed.　　All the Justices concurring.*