### 476. CRAWFORD *v.* THE STATE.

The accusation in this case does not allege facts constituting a criminal offense, and the demurrer thereto should have been sustained.

Certiorari, from Fulton superior court—Judge Pendleton. April 10, 1907.

Argued May 27,—Decided June 20, 1907.

*C. B. Rosser Jr.,* for plaintiff in error.   *C. D. Hill, solicitor-general, Lowry Arnold, R. B. Blackburn,* contra.

HILL, C. J.   Crawford was charged, by an accusation in the criminal court of Atlanta, with a violation of section 670 of the Penal Code. This section is in the following language: "Any person using any deceitful means or artful practice, other than those which are mentioned in this code, by which an individual, or the public, is defrauded and cheated, shall be punished as for a misdemeanor." The accusation, describing specifically the deceitful means and artful practice used by the defendant, is in these words: "State of Georgia, Fulton County. I, C. S. King, in the name and behalf of the citizens of Georgia, charge and accuse F. B. Crawford, of the county and State aforesaid, with the offense of misdemeanor, for that the said F. B. Crawford, in the county aforesaid, on the 19th day of October, 1905, did, by deceitful means and artful practice, cheat and defraud the Stephen A. Ryan Co., a corporation duly incorporated under and by virtue of the laws of the county of Fulton and State of Georgia, out of the sum of $10.00, in lawful currency of the United States, in that on the 19th day of October, 1905, the said F. B. Crawford did represent unto C. S. King, who was agent for the said Stephen

A. Ryan Co., the corporation aforesaid, that he was in the employ of the Western & Atlantic Railroad Company, and that the said Western & Atlantic Railroad Company was due him for wages earned for the month of October, 1905, more than the amount of $11.00, and that there were no judgments, attachments, or orders against his salary; that said representations were made for the purpose of inducing C. S. King, agent for the said Stephen A. Ryan Co., to purchase from the said F. B. Crawford his salary account while in the employ of the said Western & Atlantic Railroad Company earned for the month of October, 1905, to the extent of $11.00, and that the said C. S. King, agent for the Stephen A. Ryan Co., believing that said representations were true, and acting upon the faith of the same, purchased from F. B. Crawford his salary account while in the employ of the Western & Atlantic Railroad Company, earned for the month of October, 1905, to the extent of $11.00 and paid to him on said date, October 19, 1905, the sum of $10.00, and took from the said F. B. Crawford an assignment of his salary account of his wages earned while in the employ of the Western & Atlantic Railroad Company for the month of October, 1905, in words and language as follows: 'Atlanta, Ga., Oct. 19th, 1905. For value received, I this day assign to Stephen A. Ryan Co. $11.00 of my salary earned for the month of October, which pay him. In order to obtain the above amount of money, and make this salary sale, I state that I am employed regularly by the firm, corporation, or party, to whom this is directed, and that they are indebted to me more than the above amount for salary, for month named, and there are no garnishments, attachments, or orders against my salary. I state that this is an original transaction, and is not a renewal or an extension of any kind, and that I received the money for this paper the day I signed it, less the legal fee. I appoint S. A. Ryan my attorney in fact, to indorse my check and receipt for same. To Western & Atlantic Railroad Company. F. B. Crawford, 29 Hill's Ave.' That after making said representations in order to obtain the said sum of money from the said Stephen A. Ryan Company, and after obtaining the money on said assignment, as herein set out and described, the said F. B. Crawford, by artful practice and with the purpose to defraud and cheat and swindle the said Stephen A. Ryan Co., did himself cash the time so sold and transferred to said Stephen A.

Ryan Co., and appropriated the same to his own use, with the intention to defraud the said Stephen A. Ryan Co. out of the sum of $10.00 as herein set up, and did defraud the said Stephen A. Ryan Co. out of the sum of $10.00; that at the time the said F. B. Crawford collected the money due him for wages, earned while in the employ of the said Western & Atlantic Railroad Company, for the month of October, 1905, he, the said F. B. Crawford, knew that he did not have title to the wages assigned by him to the said Stephen A. Ryan Company to the extent of the assignment, as herein set up, and that, in collecting the wages due him, for the month of October, 1905, he intended to defraud, and did defraud, the said Stephen A. Ryan Company out of the sum of $10.00, of the value of $10.00; all of which said acts on the part of F. B. Crawford were contrary to the laws of said State, the peace, good order, and dignity thereof. C. S. King, prosecutor, Lowry Arnold, Sol. Criminal Court of Atlanta. December term, 1906." The defendant demurred to this accusation, on the ground "that it sets forth no distinct crime; that it is vague, uncertain, and indefinite and general in its allegations, and does not properly put the defendant on notice of what he is expected to defend; and that it is fatally defective, because it is nowhere alleged that the defendant made any false representations relating to any past or existing fact." This demurrer was overruled, and the defendant was tried and convicted. He thereupon petitioned the superior court for a writ of certiorari, alleging in his petition that the court erred in overruling the demurrer, and that the verdict was without evidence, and was contrary to law. The court sanctioned the petition and granted the writ of certiorari, and, upon hearing the certiorari, entered a judgment overruling the same, and the case comes to this court on exceptions to the judgment of the superior court overruling the certiorari.

The section of the code upon which this accusation is framed is very broad in its terms. It very greatly enlarges the common-law and statutory offense of cheating and swindling by false pretenses or representations. In other words, many acts would be criminal under this statute which would not be criminal under the common law, or under statutes specifically defining the offense of cheating and swindling. Some of the essential elements necessary to constitute cheating and swindling by false pretenses or representations

need not exist, to make a violation of this section. For instance, the deceitful means or artful practice need not be false, or relate only to existing facts or past events. It might exist if the representations made were absolutely truthful, but were deceitfully and artfully used with the intent to defraud, and actually did defraud. A future promise or agreement might constitute "deceitful means or artful practice" by which an individual was defrauded and cheated. "Any deceitful means or artful practice" by which an individual is defrauded and cheated is within the terms of this statute. It is a question of fact for the jury to determine whether the means or practice used in defrauding and cheating were deceitful or artful, under the ordinary signification of these words. To illustrate: If all the allegations in this accusation as to the representations of the defendant, which were made to induce the prosecutor to buy his salary, were absolutely true, as represented, yet, if at the time of making such representations he had the intent to cheat and defraud the prosecutor by subsequently himself collecting from the railroad company the amount of the salary which he had actually sold and for which he had been paid, this offense would be shown, under the Penal Code, § 670. These representations, to induce the buying of the salary, were the artful practices used by him which put him in position and made it possible for him to carry out and execute his fraudulent intent. If, however, at the time of making these representations and selling his salary, he did not have any fraudulent purpose, or any intention of himself collecting his salary, he would not be guilty of violating this statute. We think these general statements are sound and are fully supported by the decision of the Supreme Court in *Garner* v. *State,* 100 *Ga.* 257, 28 S. E. 24. But the accusation in this case does not measure up to the requirements above announced, so as to set forth any offense, even under this omnibus section of the code. The accusation nowhere alleges in terms that the representations were false and made with intent to defraud; nor does it allege that the representations were true, yet were used artfully and deceitfully by the defendant with the specific intent to defraud the prosecutor, or that the defendant when he made these representations then and there had the intent, notwithstanding the sale of his salary, to himself collect the same and fraudulently convert it to his own use. The fraudulent intent

is applied only to the act of subsequently collecting the salary and converting it, and it is not alleged that such fraudulent intent was in the mind of the defendant when he made the representations that induced the purchase of his salary account. The accusation being defective in the particulars pointed out, it should have been quashed on demurrer.                    *Judgment reversed.*