### 2093.   OLIVER *v.* THE STATE.

Where provisions are advanced to a laborer on his promise that he will perform work the following week in payment for them, and he fails to keep his promise, he is not guilty of the offense of being a common cheat and swindler.

Accusation of misdemeanor, from city court of Fitzgerald— Judge Jay.   July 29, 1909.

Submitted October 6,—Decided October 13, 1909.

*Jesse Grantham, Alex. J. McDonald,* for plaintiff in error.

*O. H. Elkins, solicitor pro tem.,* contra.

HILL, C. J.   Oliver was convicted in the city court of Fitzgerald of a violation of §670 of the Penal Code,—of being a common cheat and swindler.   The accusation specifically charged that the defendant did falsely and fraudulently represent to the prosecutor that he had been at work cutting ties for him the week before, whereas he had not been so at work, and had not during said week cut ties for him, which representation was false, was made with intent to deceive the prosecutor, and did deceive him, who was moved and induced thereby to extend credit to the defendant for valuable merchandise and supplies to the amount of $1.74.   The prosecutor testified that these representations were made to him by the defendant; and he also testified that the defendant, on the occasion specified in the accusation, said to him,

"if I would let him have the rations, he would cut ties to pay it, and he didn't do .it." And he also distinctly testified as follows: "If he had told me he was not going to cut ties, I would not have let him have the rations. It was because he said he would go to the woods and cut ties that I let him have them." And again he testified: "He told me he would come next week and cut ties, and I let him have the provisions because I thought he would come over there and cut ties, and that is the reason I let him have them." It is true, in another portion of his testimony, the prosecutor said that the defendant represented to him that he had been cutting ties last week for him, and "this statement had something to do with me in letting him have the rations." Considering the evidence as a whole, the conclusion is irresistible that the prosecutor let the defendant have the provisions in question because of the promise that he would cut ties the next week to pay for the provisions which were furnished to him. This being true, it follows that the conviction of the defendant was unauthorized by law. In the case of *Ryan* v. *State,* 45 *Ga.* 128, the Supreme Court says: "Where A advances $20 to a laborer on the promise of the latter to work it out, and the laborer afterwards refuses to do so, he is not guilty of being a common cheat and swindler." This decision has been frequently referred to and approved by the Supreme Court in subsequent cases. *Holton* v. *State,* 109 *Ga.* 127 (34 S. E. 358); *Edge* v. *State,* 114 *Ga.* 113 (39 S. E. 889). In 2 Russell on Crimes (5th Am. ed.), 289, the learned author says that "a pretense that a party would do an act which he did not mean to do (as a pretense that he would pay for goods on delivery) was holden not to be a false pretense." Any promise or statement as to what may occur in the future, however false, will not serve as a basis for a prosecution for cheating and swindling, because a promise is not a pretense. 2 Bishop's Criminal Law, 400; *Holton* v. *State,* supra. Of course, there are cases, when in connection with a promise a false representation has been made, where a prosecution for cheating and swindling may be maintained, as where "the blended pretense and promise acted together on the mind of the defrauded person and induced him to part with his goods, and he would not have done it by reason of the pretense alone without the promise." 2 Bishop Criminal Law, §427. But in this case, according to the testi-

mony of the prosecutor, he was induced to part with his goods because the defendant told him he would go to the woods and cut ties for him.    He relied, in other words, upon the defendant's promise alone.

It is unnecessary to consider the special assignments of error, because this opinion disposes of the case on the merits.

*Judgments reversed.*