## 17971. VAUGHAN v. THE STATE.

The statement objected to as being a mere conclusion of the witness, that he did not make a certain agreement, was properly admitted in evidence.

The verdict is not unsupported by evidence.

DECIDED APRIL 12, 1927.

Larceny; from Bartow superior court—Judge Tarver. December 18, 1926.

*William T. Townsend, Dorsey, Shelton & Dorsey, Ralph H. Pharr,* for plaintiff in error.

*C. C. Pittman, solicitor-general, J. C. Mitchell, solicitor-general,* contra.

BLOODWORTH, J. 1. The accused was on trial charged with the larceny of a carload of cedar lumber. The contention of the State was that the lumber was to be paid for before it was moved, while the accused insisted that under an agreement with Ed Price, one of the owners of the lumber, he took possession before paying for it. While Ed Price was on the witness stand he was asked: "Did you ever agree at any time with him [the defendant] that you would carry it [payment of the purchase-price of the lumber] over until the next day?" He replied that he did not. This answer was objected to as being a conclusion. The court properly admitted the evidence. "The denial of the existence of a fact, from the very nature of the case, is direct evidence." *Chattahoochee Valley Railway Co.* v. *Bass,* 9 *Ga. App.* 83 (6) (70 S. E. 683).

2. The verdict has the approval of the trial judge, and we can not say that there is no evidence to support it. In *Rogers* v. *State,* 101 *Ga.* 561 (28 S. E. 978), Justice Cobb said: "Applications for new trials on the ground that the verdict of the jury is contrary to evidence are addressed to a sound legal discretion to be exercised by the trial judges. When this discretion has been exercised and the motion for a new trial overruled, this court will not interfere when there is any evidence which would justify the jury in reaching the conclusion which is set forth in the verdict. While in many cases we would probably not have rendered the verdict returned, and, if we were authorized to pass upon the case

Criminal Law, 16 C. J. p. 749, n. 57; p. 1119, n. 34; 17 C. J. p. 248, n. 3; p. 252, n. 16; p. 271, n. 41.

Larceny, 36 C. J. p. 899, n. 34.

as on appeal, would render here a different judgment, still under the established practice of this court as required by the law of the State, we can not overrule a trial judge, who, fresh from the atmosphere of the trial, sends to us a record in which he endorses the finding of the jury which tried the case in his presence. This is true even in cases where the evidence might be described as weak, unsatisfactory, and doubtful. The wisdom and discretion of the trial judge is sufficient for us to endorse his judgment in cases of this character."

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*