## 17972.   VAUGHAN *v.* THE STATE.

Conceding that the defendant's promise to pay cash for lumber when it should be loaded on cars was knowingly false and made with intent to deceive and defraud the vendor, and induced him to part with his property, yet, since it related to the future alone, it could not be the basis of a prosecution for cheating and swindling.

DECIDED APRIL 12, 1927.

Cheating and swindling; from Bartow superior court—Judge Tarver. December 18, 1926.

*William T. Townsend, Dorsey, Shelton & Dorsey, Ralph H. Pharr,* for plaintiff in error.

*C. C. Pittman,* solicitor-general, *J. C. Mitchell,* solicitor-general, contra.

BROYLES, C. J. 1. One essential element in the offense of cheating and swindling by false representations is that the representations must relate to an existing fact or past event. A representation, even though false and fraudulent, relating to the future can not be the basis of a prosecution for cheating and swindling. *Ryan* v. *State,* 45 *Ga.* 128; *Miller* v. *State,* 99 *Ga.* 207 (25 S. E. 169); *Dickerson* v. *State,* 113 *Ga.* 1035 (39 S. E. 426); *Edge* v. *State,* 114 *Ga.* 113 (39 S. E. 889); *Goddard* v. *State,* 2 *Ga. App.* 154 (58 S. E. 304); *Meacham* v. *State,* 7 *Ga. App.* 713 (2) (68 S. E. 52).

2. The accused contracted to buy a quantity of lumber from

Criminal Law, 16 C. J. p. 1178, n. 63.

False Pretenses, 25 C. J. p. 589, n. 87; p. 590, n. 93; p. 593, n. 15; p. 594, n. 16; p. 650, n. 42.

the prosecutor and promised to pay cash for it when it should be loaded on the cars. This promise he failed to keep. However, the lumber was shipped by the prosecutor in accordance with the previous directions of the defendant, the latter not being present when the lumber was loaded. The defendant never paid for the lumber. Conceding that his promise to pay cash for the lumber when it should be loaded on the cars was knowingly false, and made to the prosecutor with the intent to deceive and defraud him, and that it did deceive and defraud him and induced him to part with his property, yet, under the above-stated ruling, that representation, since it related to the future alone, could not be the basis of a prosecution for cheating and swindling. It follows that the defendant's conviction was contrary to law and the evidence and that the refusal to grant him a new trial was error.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*