24443. SCARBOROUGH *v.* THE STATE.

DECIDED AUGUST 29, 1935.

*Lester F. Watson,* for plaintiff in error.

MacINTYRE, J. The accusation in this case charges that "K. S. Scarborough, in the county and State aforesaid [Johnson County, Georgia], on the 10 day of May, 1933, did then and there by deceitful means and artful practices cheat, wrong, and defraud one J. E. Vanlandingham in the sum of $5, to wit, by representing to the said J. E. Vanlandingham that he would sell him suit of clothes for $21.50, and requiring of the said . . Vanlanding-

ham to deposit $5, and representing to him that suit would be sent and delivered to him in future, at which time he would pay of [?] $16.50, and said Scarborough has not delivered said suit nor refunded said $5, whereby said J. E. Vanlandingham sustained a loss of $5; contrary to the laws of said State and the good order and dignity thereof." To this accusation the defendant interposed a general demurrer on the ground that it failed to charge the defendant with the violation of any criminal law of Georgia. In *Ryan* v. *State,* 45 *Ga.* 128, it was said: "Where A advances $20 to a laborer on a promise of the latter to work it out, and the laborer afterwards refuses to do so, he is not guilty of the offense of being a common cheat and swindler." It was further stated that the case then under consideration came within the rule: "A pretence that a party would do an act which he did not mean to do (as a pretence that he would not pay for goods on delivery) was holden not to be a false pretence," citing 2 Russell on Crimes (5th Am. ed.), 289. In *Dickerson* v. *State,* 113 *Ga.* 1035, 1036 (39 S. E. 426), it was held: "False representations to be the basis of a prosecution for cheating and swindling must relate either to the past or to the present. Any promise or statement as to what may occur in the future, however false, will not serve as a basis for such a prosecution, for the reason that the promise is not a pretence. *Holton* v. *State,* 109 *Ga.* 129 [34 S. E. 358], and cases cited. If there has been a false representation as to a past or existing fact, the offense of cheating and swindling is complete, notwithstanding there may have been, as a part of the inducement to the person defrauded to part with his money, a promise by the swindler to be performed in the future. *Thomas* v. *State,* 90 *Ga.* 437 [16 S. E. 94]." In the instant case the only false representation alleged in the accusation was the statement by the accused that he would in the future deliver the clothes upon the payment of a certain amount of money. There is no allegation in the accusation of a false representation relating to the past or the present, nor is there any false pretence that a fact exists or did exist at the time the representations were made. Under the rulings stated above, the allegations of the petition were not sufficient to withstand the general demurrer.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*