28683. GILLIGAN *v.* THE STATE.

DECIDED JANUARY 30, 1941.

*Reese, Scarlett, Bennet & Gilbert, H. M. Hodges,* for plaintiff in error.

*Thomas E. Dawson, solicitor, R. L. Dawson, solicitor-general,* contra.

BROYLES, C. J. 1. "One essential element in the offense of cheating and swindling by false representations is that the representations must relate to an existing fact or past event. A representation, even though false and fraudulent, relating to the future can not be the basis of a prosecution for cheating and swindling. *Ryan* v. *State,* 45 *Ga.* 128; *Miller* v. *State,* 99 *Ga.* 207 (25 S. E. 169); *Dickerson* v. *State,* 113 *Ga.* 1035 (39 S. E. 426); *Edge* v. *State,* 114 *Ga.* 113 (39 S. E. 889); *Goddard* v. *State,* 2 *Ga. App.* 154 (58 S. E. 304); *Meacham* v. *State,* 7 *Ga. App.* 713 (2) (68 S. E. 52)." *Vaughan* v. *State,* 36 *Ga. App.* 675 (137 S. E. 854).

2. Applying the above-stated ruling to the facts of the instant case, and conceding that the evidence authorized the judge, sitting without the intervention of a jury, to find that the defendant's representation, which was the basis of the prosecution, was knowingly false and made to the prosecutor with the intent to defraud him, and that it did defraud him by inducing him to part with his property, the defendant's conviction of the offense of cheating and swindling was unauthorized, since the undisputed evidence disclosed that said representation did not relate to an existing fact or past event, but related to a future event. The apparently contrary ruling in *Garner* v. *State,* 100 *Ga.* 257 (28 S. E. 24), must yield to the older decisions of the Supreme Court cited in the preceding division. The denial of a new trial was error.

*Judgment reversed. MacIntyre and Gardner, JJ, concur.*