37626. POWELL *v.* THE STATE.

DECIDED MAY 1, 1959.

*Ernest H. Stanford,* for plaintiff in error.
*Luther C. Hames, Jr., Solicitor-General,* contra.

GARDNER, Presiding Judge.   The indictment is founded on Code § 26-7410.   In support of the indictment the State, in ad-

dition to the Code section cited hereinabove, relies on *Crawford v. State*, 2 *Ga. App.* 185 (58 S. E. 301) and *Holton v. State*, 109 *Ga.* 127 (34 S. E. 358). In the latter-cited opinion Judge Little called attention to *Thomas v. State*, 90 *Ga.* 437 (16 S. E. 94). We deem the above citations ample authority to sustain the ruling of the trial court in the instant case, wherein the trial court overruled the general demurrer to the indictment.

We do not have a case wherein the defendant, charged with cheating and swindling, made a promise or promises to do something in the future and did not comply therewith, therefore such cases as are cited by the defendant, like *Spivey v. State*, 62 *Ga. App.* 507 (8 S. E. 2d 677) wherein this court properly ruled that "False representations, to be the basis of a prosecution for cheating and swindling, must relate either to the past or to the present. No promise or statement as to what may occur in the future, however false, will serve as a basis for such a prosecution," are not applicable. Here the accusation against the defendant specifically sets out that on June 1, 1958, in said county and State, the defendant "with intent to cheat and defraud T. C. Allred falsely and fradulently" represented to him that he, said defendant, "*had* a contract and agreement with John Sigalos, d/b/a Fisherman's Grill for the paving of a parking apron for Fisherman's Grill premises," (italics ours), and that the money for the paving thereof and the material and labor required would be available upon completion of said work. While the latter portion of the accusation hinted of a promise that the defendant would in the future have the money for such work and the furnishing of the materials required upon completion of the work, the accusation definitely, plainly and specifically charges that "the said Bryan Powell [the defendant] had a contract and agreement with John Sigalos . . . for the paving of a parking apron for Fisherman's Grill Premises," and this constituted a false representation and statement of a past or present situation, and clearly supports an accusation for cheating and swindling under said Code § 26-7410, and if sustained by adequate proof will authorize the conviction of the defendant. Consequently, the trial judge correctly overruled the said demurrer, interposed by the defendant to such accusation based on the

ground that same contained representations which if false, related "to what may occur in the future" and that such accusation and the allegations thereof related solely to a promise and statement by the defendant to do something in the future, i.e. a promise to perform an act in the future and, therefore, set out no offense against this defendant under said Code § 26-7410 or any other law of this State. The accusation clearly states that the defendant "had a contract and agreement with John Sigalos, d/b/a Fisherman's Grill for the paving of a parking apron for Fisherman's Grill premises", thereby relating to and being a statement that said defendant *had* a contract with John Sigalos, that is, that he already had and possessed such contract and agreement for the paving of the apron of the "Fisherman's Grill", being a direct representation as to what the said defendant named in the accusation had, namely a promise and statement which related either to the past or to the present, and was not a mere "promise or statement as to what may occur in the future, however false" and therefore insufficient to support an accusation under Code § 26-7410 for cheating and swindling.

Counsel for the defendant cites and relies on the following cases: *Dickerson* v. *State,* 113 *Ga.* 1035 (39 S. E. 426); *Vaughan* v. *State,* 36 *Ga. App.* 674 (137 S. E. 854); *Scarborough* v. *State,* 51 *Ga. App.* 667 (181 S. E. 230); *Spivey* v. *State,* 62 *Ga. App.* 507, supra; *Gilligan* v. *State,* 64 *Ga. App.* 311 (1) (13 S. E. 2d 112) and similar decisions, holding to the effect that false representations, to be the basis of a prosecution for cheating and swindling must relate either to the past or the present, and that no promise or statement as to what may occur in the future, however false, will serve as a basis for such a prosecution. This court agrees with the above principle and basis for same under the ruling here made and under the wording of the accusation charging this defendant with cheating and swindling, there is no conflict between the ruling and decision of the Supreme Court of this State and those of this court above cited and the ruling now made in this case. These decisions are not authority tending to uphold the contentions of counsel for the defendant.

While these cases correctly state the existing law under Code § 26-7410, and otherwise, none of these cases rules to the contrary

of what is now held by this court in the case at bar, and the general demurrer interposed by the defendant to the accusation against him charging cheating and swindling is entirely without merit, and the trial judge properly overruled the same.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*