### 39820. LINDSEY v. THE STATE.

FRANKUM, Judge. ""One essential element in the offense of cheating and swindling by false representations is that the representations must relate to an existing fact or past event. A representation, even though false and fraudulent, relating to the future can not be the basis of a prosecution for cheating and swindling. *Ryan v. State,* 45 Ga. 128; *Miller v. State,* 99 Ga. 207 (25 SE 169) ; *Dickerson v. State,* 113 Ga. 1035 (39 SE 426) ; *Edge v. State,* 114 Ga. 113 (39 SE 889) ; *Goddard v. State,* 2 Ga. App. 154 (58 SE 304) ; *Meacham v. State,* 7 Ga. App. 713 (2) (68 SE 52).' *Vaughan v. State,* 36 Ga. App. 675 (137 SE 854)." *Gilligan v. State,* 64 Ga. App. 311 (13 SE2d 112).

The language of the accusation in the instant case shows that the alleged false representations relied upon by the prosecutor related to an act that the accused promised to perform in the future. As stated in *Meacham v. State,* 7 Ga. App. 713, 716, supra: "The reason of the rule [that false representations which afford the basis of a prosecution for cheating and swindling must relate to events in the present or in the past] is that if the party to whom the representation was made had full knowledge of the real condition of affairs, *or chose to rely upon the promise as to a future contingency,* he is not deceived by deceitful means or artful practice (because he knows all of the facts in their true relation), *but his loss re-*

*sults from his absolute confidence in the party making the promise."* (Emphasis ours).

The court erred in overruling the accused's demurrer to the accusation, and all further proceedings against the accused were rendered nugatory.

*Judgment reversed.    Nichols, P. J., and Jordan, J., concur.*

Decided December 5, 1962.

*Sumner & Boatright, J. Laddie Boatright,* for plaintiff in error.

*W. H. White, Solicitor,* contra.