## 57124. ELLIOTT v. THE STATE.

SHULMAN, Judge.

The appellant appeals from his conviction on two counts of theft by taking. We reverse.

1. The evidence shows, and the jury was authorized to find, that the appellant approached two merchants and expressed a desire to purchase furniture and appliances. Since he had the use of a pickup truck for the day, the appellant requested that the merchandise be delivered to him then and represented that he would return in several days with the money. Both merchants agreed, and the items were removed by the appellant. He never returned. As the result of his failure to pay, he was indicted on two counts of theft by taking, in that "being in lawful possession" of the property of another, he did "unlawfully appropriate said property with the intention of depriving said owner of said property, by disposing of said property and failing to pay . . . for said property."

Code Ann. § 26-1802 (a) provides, in part: "A person commits theft by taking when he . . . being in lawful possession thereof, unlawfully appropriates any *property of another* with the intention of depriving him of said property, regardless of the manner in which said property is . . . appropriated." (Emphasis supplied.) Appellant contends that the evidence does not support a finding that the property in question belonged to anyone other than himself and that he cannot be charged with theft of his own property.

Both prosecuting witnesses testified that, in their opinion, each transaction was "cash and carry," though it is clear that they extended credit to the appellant at least until the date on which he agreed to return with the purchase price. Apparently, by "cash and carry" the witnesses sought to show that while they allowed the appellant to "carry" the merchandise away, they did not intend to divest themselves of ownership until they received the "cash." However, what parties subjectively intend by their actions cannot take precedence over what the law determines to be the legal effect thereof.

Under Georgia law, a "sale" consists in the passing of title from the seller to the buyer for a price. Code Ann. § 109A-2—106 (1). Unless otherwise explicitly agreed, title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods. Code Ann. § 109A-2—401. The evidence here shows that the appellant offered to pay

in the future for goods to be delivered in the present. The seller agreed, delivered the merchandise to the appellant, and did not retain any security interest therein. Thus, there was a completed "sale" of the goods in question, and the appellant had not only rightful possession of the items, but title to them as well. The sole "interest" that the merchants had in the goods was a right to future payment pursuant to the sales contract. It is thus clear that the property did not belong to "another" and the appellant cannot be charged under Code Ann. § 26-1802 (a) with theft of property to which he has not only "rightful possession," but also title, unless the facts fall within the rules stated in *Harris v. State*, 81 Ga. 758, 759 (7 SE 689), that "if one, meaning to steal another's goods, fraudulently prevails on the latter to deliver them to him, under the understanding that the property in them is to pass, he commits neither larceny nor any other crime by the taking, *unless the transaction amounts to an indictable cheat.*" (Emphasis supplied.)

It is clear that one may be indicted and convicted under Code Ann. § 26-1802 for theft by taking if the evidence supports a finding of guilt under Code Ann. § 26-1803 for theft by deception. *Stull v. State*, 230 Ga. 99 (3) (196 SE2d 7); *Scott v. State*, 149 Ga. App. 59. The record reveals that the trial judge allowed the case to go to the jury in large part on the basis of this legal theory. We thus turn to the next phase of inquiry — whether the evidence would support a finding that the appellant's transaction amounts to an "indictable cheat."

An essential element of the offense of theft by deception as defined by Code Ann. § 26-1803 (a) is that the false representation must bear upon "an existing fact or past event." *Croy v. State*, 133 Ga. App. 244 (211 SE2d 183). The only representations made by the appellant were that he was getting a loan and would pay for the goods when he received the proceeds. These representations pertained to the future and, even if false and fraudulent, cannot be the basis of a prosecution for cheating and swindling. *Gilligan v. State*, 64 Ga. App. 311 (1) (13 SE2d 112). The facts of this case fall squarely within the rule enunciated in *Croy v. State*, supra, p. 247, that a "promise of future performance cannot serve as the

basis of a subsection (a) theft by deception prosecution."

"The reason for the rule [that false representations which afford the basis of a prosecution for cheating and swindling must relate to events in the present or in the past] is that if the party to whom the representation was made had full knowledge of the real condition of affairs, *or chose to rely upon the promise as to a future contingency,* he is not deceived by deceitful means or artful practice (because he knows all of the facts in their true relation), *but his loss results from his absolute confidence in the party making the promise."* Id. The evidence here shows that the merchants were induced to sell goods to the appellant through representations of future payment. His failure to pay under the circumstances may be actionable through civil process but not in the criminal law. *Vaughan v. State,* 36 Ga. App. 675 (2) (137 SE 854).

2. Because the appellant's conviction is reversed for the reasons set forth in Division 1, other enumerations of error need not be addressed here.

*Judgment reversed. Deen, C. J., and McMurray, P.J., concur.*

SUBMITTED JANUARY 10, 1979 — DECIDED APRIL 9, 1979.

*Hugh W. Stone,* for appellant.
*Frank C. Mills, III, District Attorney, J. Britten Miller, Jr., Assistant District Attorney,* for appellee.