A90A1130. GILL v. THE STATE.

(398 SE2d 833)

SOGNIER, Judge.

Donald Warren Gill was indicted for theft by shoplifting of a cellular phone. He was convicted of theft by taking in a bench trial, and he filed this appeal.

1. Appellant contends the evidence was insufficient to authorize the conviction for theft by taking. The evidence adduced at trial established that in September 1988, appellant telephoned Larry Hill, a principal in Radio Systems, Inc., concerning the purchase of a cellular telephone. Hill, who acknowledged that he was acquainted with appellant through the communications industry and had sold equipment to appellant on a few prior occasions, testified that after he and appellant agreed on price and model, he arranged for appellant to pick up the telephone at the company's Riverdale office provided appellant paid for the merchandise in full by cash or check at the time he received the phone. After appellant obtained the telephone on September 30, 1988, Hill learned from Bobbie Edmonds, an employee at the Riverdale office, that appellant had informed her that Hill had agreed appellant could take the equipment with him and pay at a later date. Hill testified that he had not made such an agreement with appellant, that appellant had never paid for the telephone, and that

Hill was aware the telephone had been activated for use. On cross-examination, Hill acknowledged that appellant had been sent written invoices for the phone on September 30, 1988, January 13, 1989, March 14, 1989, and June 14, 1989, the last billing date apparently being after another Radio Systems official swore out the warrant for appellant's arrest. Additional evidence was adduced that during the same time period appellant was invoiced for additional items purchased July 17, 1988 on account.

Appellant testified that he had explained to Hill initially that the telephone was to be procured for a friend of appellant who wanted to inspect it before paying, that he never agreed to pay in full when he picked up the phone, and that he called Hill from the Riverdale office and had him explain the credit arrangement to Edmonds. He stated that after this call, Edmonds gave him the phone and invoice no. 801144, which indicated that the phone had been "picked up from Riverdale," listed the "account no." as "30106," and described the terms as "ten days." Appellant admitted having sold the phone.

In her trial testimony, Bobbie Edmonds confirmed that appellant told her he had arranged to pay for the telephone at a later time, but neither she nor Hill recalled appellant making a call to Hill from the Riverdale office. On rebuttal, Hill testified that he had once agreed to allow appellant to take a telephone out on approval, but that transaction had no connection with the equipment appellant received on the date in question. Additional evidence was adduced that appellant had tendered payment to Radio Systems at some point prior to the trial, but payment had been refused.

The indictment charged that appellant, "with intent of appropriating said merchandise to his own use, without paying for same, did take possession of a certain cellular phone . . . [which was the] property of Radio Systems, Inc." The trial judge found appellant guilty of theft by taking in violation of OCGA § 16-8-2, which provides that "[a] person commits the offense of theft by taking when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property." Appellant contends the evidence demands a finding that title of the phone was conveyed to him, and accordingly he cannot be convicted of unlawfully appropriating the "property of another."

We agree and reverse. " ' "[I]f one, meaning to steal another's goods, fraudulently prevails on the latter to deliver them to him, under the understanding that the property in them is to pass, he commits neither larceny nor any other crime by the taking, unless the transaction amounts to an indictable cheat. But if, with the like intent, he fraudulently gets leave to take possession only, and takes and converts the whole to himself, he becomes guilty of larceny; because, while his intent is thus to appropriate the property, the consent

which he fraudulently obtained covers no more than the possession." [Cit.]' " *Stull v. State*, 230 Ga. 99, 103 (196 SE2d 7) (1973). Here, as in *Elliott v. State*, 149 Ga. App. 579 (254 SE2d 900) (1979), the evidence shows that appellant obtained the telephone upon offering to pay in the future for goods to be delivered in the present. Although appellant and Hill gave conflicting testimony on the question whether appellant was to tender payment at the time of purchase, the undisputed facts show that appellant was allowed to take the phone from the Riverdale office with only an invoice indicating that payment was due in ten days, and that he was subsequently billed for this and another purchase made on account. "Thus, there was a completed 'sale' of the goods in question, and the appellant had not only rightful possession of the [phone], but title to [it] as well. The sole 'interest' that [Radio Systems] had in the goods was a right to future payment pursuant to the sales contract. It is thus clear that the property did not belong to 'another' and the appellant cannot be charged under [OCGA § 16-8-2] with theft of property to which he has not only 'rightful possession,' but also title. . . ." Id. at 581.

Nonetheless, as the *Elliott* and *Stull* courts recognized, one who fraudulently obtains title to another's goods may be convicted of theft by deception under OCGA § 16-8-3 if the transaction amounts to an "indictable cheat." The definition of deception applicable here is "intentionally . . . creat[ing] or confirm[ing] another's impression of an existing fact or past event which is false and which the accused knows or believes to be false." OCGA § 16-8-3 (b) (1). Construed to uphold the verdict, Hill's testimony suggested that appellant may have misled Edmonds with regard to the agreement between Hill and appellant. However, that testimony is refuted by the issuance of the invoice, which referenced appellant's account number and stated the credit terms of the purchase, and by the subsequent invoices sent to appellant seeking payment for the merchandise. Further, even if appellant did misrepresent his agreement with Hill, the representation upon which he received the phone was his promise to pay on account, which pertained to the future and cannot be the basis for a conviction for theft by deception. See *Elliott*, supra at 581. Thus, we cannot say that the State proved intentional misrepresentation of an existing fact beyond a reasonable doubt, and we are constrained to hold that the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979) was not met here. See *Elliott*, supra.

2. We need not address appellant's enumeration concerning a fatal variance between the allegata and the probata.

*Judgment reversed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 14, 1990.

*Thomas L. Washburn III*, for appellant.
*Robert E. Keller, District Attorney, Deborah N. Maron, Assistant District Attorney*, for appellee.