### 53471. STEWART v. THE STATE.

McMURRAY, Judge.

The defendant was indicted on two counts of theft by deception (1st indictment) and six counts of theft by conversion (2nd indictment). The jury returned a verdict of guilty to the six counts of theft by conversion and one of the counts of theft by deception. A verdict of guilty of criminal attempt was returned on the other count of theft

by deception. Defendant's motion for new trial was denied, and he appeals. *Held:*

1. The defendant contends that the trial court erred in overruling his motion for a mistrial because of prejudicial pre-trial publicity. The publicity which is in question consists of newspaper articles which appeared in the local media subsequent to the striking of the jury but prior to the presentation of any evidence. Upon defendant's motion for mistrial the court questioned the jurors as to whether, since they had been selected as jurors, any of them had read anything whatsoever in the newspaper regarding the case, discussed the case with anyone, or with each other, or held any prejudice or bias for or against the defendant. None of the jurors responded affirmatively to any of these questions; therefore, it cannot be said that the jurors had formed fixed opinions as to guilt or innocence of the accused from reading the newspaper articles. See *Welch v. State,* 237 Ga. 665, 668 (1) (229 SE2d 390).

2. There was ample evidence that payments were received by Stewart's Showcase, Inc. from its customers which were never paid to the two banks involved, and the customers who were obligated to the banks did not receive credit for same. See *Baker v. State,* 131 Ga. App. 48, 49 (1) (205 SE2d 79). And the mere fact that each bank wrote off the sums due as bad debts does not obliterate the conversion, if any.

However, defendant was president and "part owner" (shareholder) of Stewart's Showcase, Inc., a furniture retailer, not a sole proprietor, N. M. Stewart, or "N. M. Stewart, d/b/a Stewart's Showcase, Inc." The evidence shows that one of the inducements to purchase offered by this furniture retailer was an interest-free 90-day period prior to payment for furniture delivered. This was accomplished by agents of the corporation having the customer sign a 90-day note in favor of the corporation which was discounted to either of two local banks.

The state's evidence shows that after customers' notes had been discounted to local banks the customers did make payments to Stewart's Showcase, Inc. The state attempts to prove that these payments were converted to the use of defendant; however, the state has produced no

evidence to controvert defendant's testimony that the customers' checks were deposited in the account of Stewart's Showcase, Inc. The defendant testified that the expenditures from Stewart's Showcase, Inc. account were for the purpose of the continuance of that business.

The state attempts to prove on one of the two counts of theft by deception that a customer was induced to sign a second note in favor of the corporation due to the false assertions of the corporation through an agent that the second note was a renewal of the first.

On the second count of theft by deception the state attempts to prove that the customer was induced to sign a note in favor of the corporation in the belief that the paper being signed was an agreement to accept delivery of the furniture when it arrived.

There is no proof presented in either of the theft by deception counts that defendant received any benefit. The only evidence presented indicates that sums were received due to deception which were credited to the account of Stewart's Showcase, Inc.

The court erred in denying defendant's motion for a verdict of acquittal in failing to prove the defendant obtained the property of others or converted property to his own use. The above ruling makes it unnecessary to pass on any other enumerations of error.

*Judgment reversed. Bell, C. J., and Smith, J., concur.*

ARGUED MARCH 1, 1977 — DECIDED JUNE 7, 1977.

*Allgood, Childs, Snelling & Brown, Thomas F. Allgood, Leiden & Butler, L. Daniel Butler,* for appellant.

*Richard E. Allen, District Attorney, Richard L. Powell,* for appellee.