## 44269. GORDON v. THE STATE.
(359 SE2d 634)

GREGORY, Justice.

Murray Gordon was convicted in DeKalb Superior Court on a three count indictment. He appealed to the Court of Appeals where his conviction on all three counts was affirmed. *Gordon v. State*, 181 Ga. App. 391 (352 SE2d 582) (1986). We granted certiorari as to an issue relating only to the two counts involving theft by taking, and not to the third count involving conspiracy to defraud. We affirm in part and reverse in part.

The issue is whether the evidence supports the conviction in light of proof required under Georgia's theft by taking statute, OCGA § 16-8-2.

Construed favorably in light of the jury verdict the evidence discloses that Gordon owned a business called Photo Service Co., which he operated out of his home. He was a salesman for another entity, Crown Camera Company, Inc. Through these companies Gordon provided a service of film processing to certain photographers who were engaged by the General Assembly. He and his employee delivered the film to Toco Color Labs. Toco processed the film and billed the appropriate company, Photo Service or Crown Camera. In turn the General Assembly was billed by the companies.

On January 2, 1983 Gordon wrote a letter on Crown Camera stationery addressed to Bill Murphy, photographer for the House of

Representatives. It contained a price list for processing, printing and reprinting color film. The evidence showed that during 1983 Toco Color Labs billed Crown Camera $30,744 for film processing, printing and reprinting. In turn, regarding the same film, Crown Camera billed the General Assembly $156,752. In 1983 Toco billed Photo Service $45,110 whereas the General Assembly was billed $240,462. The film in question was from time to time delivered by the General Assembly photographers to Gordon or his employee who delivered to Toco. Toco prepared order envelopes disclosing the number of rolls of film, prints and reprints along with the bill for costs. These order envelopes were discarded by Gordon and his employee. The House photographer signed delivery tickets of Photo Service and Crown Camera indicating film had been received but the tickets did not itemize the amount of film, nor did the House photographer verify them. The Fiscal Officer for the General Assembly paid Photo Service and Crown Camera on the basis of invoices for services which were not itemized. The delivery tickets were attached. Again there was no verification of the amount delivered or unit cost.

We are concerned with two separate statutes on the subject of theft, the first is very broad and the second more narrow. (A) OCGA § 16-8-2 provides: "A person commits the offense of theft by taking when he unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated." (B) OCGA § 16-8-3 provides in part: "(a) A person commits the offense of theft by deception when he obtains property by any deceitful means or artful practice with the intention of depriving the owner of the property. (b) A person deceives if he intentionally: (1) creates or confirms another's impression of an existing fact or past event which is false and which the accused knows or believes to be false; (2) fails to correct a false impression of an existing fact or past event which he has previously created or confirmed; (3) prevents another from acquiring information pertinent to the disposition of the property involved. . . ."

While appellant was indicted under OCGA § 16-8-2, it is the State's theory, and it has been held, that the broad definition of theft by taking in OCGA § 16-8-2 includes theft by deception as defined in OCGA § 16-8-3. *Stull v. State,* 230 Ga. 99 (1) (196 SE2d 7) (1973); *Pelligrini v. State,* 174 Ga. App. 84 (1) (329 SE2d 186) (1985); *Ray v. State,* 165 Ga. App. 89 (1) (299 SE2d 584) (1983).

The State contends the defendant committed theft by deception when he submitted false invoices. But as we understand the evidence the invoices were not false. They contained a statement of charges for services rendered. Taken as a whole and compared with the billings from Toco Color Lab there was a very large markup but that is not a

false statement. The invoices surely did not reflect the price list given in the January 2, 1983 letter. However, that list was at most a promise of a price to be charged in the future. When the future arrived a much higher price was charged. If the price list was a promise that promise was breached and the higher charge later made could have been refused but there was no theft by taking. *Elliott v. State,* 149 Ga. App. 579, 581 (254 SE2d 900) (1979); *Croy v. State,* 133 Ga. App. 244 (1) (211 SE2d 183) (1974); *Vaughan v. State,* 36 Ga. App. 674 (137 SE 854) (1927).

The State contends the invoices were not only false but that Gordon's destruction of the Toco order envelopes which disclosed unit prices was an effort to conceal the falsity of the invoices. No doubt Gordon was not anxious to furnish these order envelopes along with the invoices. But we suspect most retail businessmen are unlikely to disclose their wholesale prices to their customers. Think of the furniture or automobile business. Gordon was perhaps not a retailer but he was a middleman to whom that proposition applied. The discard of the bills received from Toco did not constitute preventing another from acquiring information contemplated by OCGA § 16-8-3 (b) (3). Unit prices and the amount of developed film were obviously missing from the delivery tickets and invoices. The point is that prudence required verification of delivery and Gordon should have been required to disclose a unit price matching deliveries. This was not done and Gordon took advantage of the circumstances.

In our view the evidence discloses an outrageous markup gained by appellant and in the words of his own brief filed in the Court of Appeals, "his relationship with the State in this regard was wasteful of the taxpayer's money and was not in the public interest." But, we hold that the evidence failed to prove the crime of theft by taking under our statutes. Thus we reverse as to the two counts involving theft by taking but affirm as to the conspiracy to defraud count addressed in Division 2 of the Court of Appeals' opinion.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED SEPTEMBER 8, 1987.

*Albert M. Pearson III, Robert J. Reed,* for appellant.
*Michael J. Bowers, Attorney General, Harrison W. Kohler, Senior Assistant Attorney General, George P. Shingler, Assistant Attorney General,* for appellee.