## 44617. HENDERSON v. THE STATE.
(362 SE2d 346)

CLARKE, Presiding Justice.

Charges against Henderson stem from transactions which he, Murray Gordon and Al Ikenberg entered into with the State of Georgia. Juries convicted both Henderson and Gordon of two counts of theft by taking and one count of conspiracy to defraud. Additionally, Henderson was individually convicted of two counts of theft by taking. The Court of Appeals affirmed all of Henderson's convictions. *Henderson v. State,* 182 Ga. App. 513 (356 SE2d 241) (1987). We granted certiorari to examine only the question of the convictions of theft by taking. We affirm in part and reverse in part.

1. The evidence in this case and the evidence in Murray Gordon's case is the same with reference to the first two counts of theft by taking. The facts in the Gordon case are recited in our opinion in *Gordon v. State,* 257 Ga. 335 (359 SE2d 634) (1987). In that opinion, we construed Georgia's Theft By Taking statute (OCGA § 16-8-2) and held that the evidence failed to prove the crime of theft by taking under the statute. We reversed a conviction on those counts. This case is controlled by *Gordon v. State,* supra, and we therefore reverse the first two counts of theft by taking here.

2. The evidence in this case and the evidence in *Gordon* is also the same as relates to the charge of conspiracy to defraud. In *Gordon v. State,* supra, we affirmed the conviction on that count and we likewise affirm it here.

3. We now must consider the additional charges of theft by taking of which Henderson was convicted but which were not made against Gordon. The thrust of the holding in *Gordon* is that overcharging for services or goods furnished in and of itself does not

constitute a violation of the theft by taking statute, but that charging for services or goods not performed or delivered could constitute such a violation. Following this proposition, we look to the evidence to determine whether the jury was authorized to find that Henderson wilfully charged the state for services or goods which he never furnished the state as alleged in the fourth and fifth counts of his indictment.

Henderson's business involved the reprinting of black and white film for the General Assembly for the State of Georgia. Counts 4 and 5 of his indictment charged him with committing theft by taking from the state by submitting false invoices during the first ten months of 1983. A review of the record reveals that much of the disputed evidence relates not to the billing for services not rendered but rather the overbilling for the services rendered and our holding in *Gordon v. State*, supra, excludes this act from the offense of theft by taking.

The record, however, indicates at least some evidence from which a jury could conclude Henderson billed for services not performed. Between July 26 and August 25, 1983, Henderson's work for the state, if any, was limited to color film with no processing of black and white film. The record further shows that Henderson billed the state for $12,135 for developing, printing and reprinting of black and white films during this period. He argues that while the billings may have been made at this time, the services could have been performed at an earlier time. The difficulty with this position is that the invoice is dated August 25, 1983, but itemizes 24 different dates beginning July 26 and ending August 25. Even in the face of the argument put forward by Henderson, this evidence is enough when viewed in a light most favorable to the conviction to conclude that a rational trier of fact could have found beyond a reasonable doubt that Henderson committed the act of theft by taking. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

4. We note that the combination of affirmances and reversals in this case and the case of *Gordon v. State*, supra, results in a disparity of sentences of Gordon and Henderson for the same crime. Because the trial court could not foresee this circumstance at the time of sentencing, we remand the case and authorize the trial court to review the sentence in light of *Gordon*. The order of remand carries with it no direction as to resentencing.

*Judgment affirmed in part, reversed in part, and remanded. All the Justices concur.*

DECIDED NOVEMBER 20, 1987.

*Billy L. Spruell,* for appellant.

Robert E. Wilson, District Attorney, Michael J. Bowers, Attorney General, Harrison Kohler, Senior Assistant Attorney General, for appellee.