## IN THE MATTER OF W. LARRY COHRAN.
### (Supreme Court Disciplinary No. 250)
#### (396 SE2d 782)

PER CURIAM.

The State Bar of Georgia filed a complaint against Cohran concerning transactions involving his client, Mae Norey, alleging violations of Standards 3, 4, and 45.[1] The complaint is in three counts. The special master granted the State Bar's motion for summary judgment as to count two, finding Cohran guilty of violating Standard 4.

### Findings of Fact

1. The allegations in count two can be summarized as follows:

On January 18, 1979, after her husband's death, Norey entered into a contingency fee employment contract with Cohran relative to any claims she might have against her late husband's estate. In July 1979, Cohran presented an accounting document to Norey in which he billed her for his services in recovering various proceeds of the estate — the marital home, certificates of deposit, and personal property. Norey owned these items by right at her husband's death. The house and the certificates of deposit were owned by the Noreys as joint tenants with right of survivorship. The personal property of the husband became Norey's as of right in her claim for twelve months' support. Cohran possessed superior knowledge of the laws of intestacy and probate. Hence, his representation to her that he was billing her for services rendered by him in recovering assets for her was false and fraudulent.

2. The special master found the following material facts to be undisputed as to this count:

(a) The terms of the January 18, 1979 agreement.[2]

---

[1] Standard 3: "A lawyer shall not engage in illegal professional conduct involving moral turpitude. . . ."

Standard 4: "A lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation. . . ."

Standard 45: "In his representation of a client, a lawyer shall not . . . (b) knowingly make a false statement of law or fact; . . . (e) knowingly engage in other illegal conduct or conduct contrary to a disciplinary rule. . . ."

[2] The parties agree that [the Complainant] contributed $23,000.00 to the [marital residence].

It is understood and agreed to between the parties that the husband of the [Complainant] deceased this life on January 14, 1979 and said death was claimed to have been caused by suicide, and prior to his death he made an effort to transfer and dispose of funds and property in an effort to defeat any alimony claim by [Complainant].

It is agreed between the parties that [Respondent] will represent [Complainant] in all claims that she may have for money or property, both real and personal, on a "contingent fee" basis and said contingency shall be as follows:

a. [Respondent] shall charge the [Complainant] no fee for the first $23,000.00 recov-

(b) At the time of the husband's death, the Noreys held title to their residence jointly with the right of survivorship.

(c) Cohran asserted that at the time the fee arrangement was entered into, he was not aware of the status of the title of the marital residence.

(d) The husband had not made any transfer of the marital residence or his interest in it. The entire interest passed to Norey by operation of law upon her husband's death. Cohran took *no* action, nor was he required to take action, for that transfer to be accomplished.

(e) Four months prior to his preparation of the accounting document, Cohran prepared a deed for Mrs. Norey's signature, purportedly to effect the January 18, 1979 agreement, and conveying to him one-half interest in the property.

## Conclusions

3. These undisputed factual circumstances establish that Cohran made a representation to Norey relative to his "entitlement" to a fee; that he billed her contrary to its terms; and that he knew at the time of the billing that under the terms of the agreement he was *not* entitled to the fee that he demanded. Hence, the violation was established as a matter of law.

4. The review panel adopted and approved the findings of fact of the special master and made additional findings. The review panel recommended disbarment on the following premise:

The facts of this case support not only a violation of Standard 4, but also a violation of Standards 31, 32, 61, and 63.[3] However, the complaint alleges only a violation of Standards

---

ered of the [marital residence].

b. On all monies and property received of every kind and nature; wherever recovered and/or situated, no matter from whom recovered, above the $23,000.00 investment in the house above set forth, the [Complainant] agrees to pay [Respondent] a sum equal to 50% of the money or value of the property recovered immediately upon said recovery and parties hereto expressly agree that the [Respondent] shall have a lien upon all said property above-mentioned for the amount that he is entitled to receive as attorney's fees.

[3] Standard 31: "A lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee."

Standard 32: "[A] lawyer shall not advance or guarantee financial assistance to his client."

Standard 61: "A lawyer shall promptly notify a client of the receipt of his funds, securities or other properties and shall promptly deliver such funds, securities or other properties to the client."

Standard 63: "A lawyer shall maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and promptly render appropriate accounts to his client regarding them."

3, 4, and 45, so Respondent cannot be disciplined for a violation of any Standard by Standard 4. The facts supporting a violation of the other Standards can be considered in aggravation for purposes of imposing the highest level of discipline allowable for a violation of Standard 4.

5. The additional findings of the review panel were not established as a matter of law. However, under the rules and regulations of the State Bar, the violation of Standard 4 that was established as a matter of law was sufficient in and of itself to warrant the discipline of disbarment. *Henderson v. State*, 257 Ga. 618 (362 SE2d 346) (1987) (charging for services or goods not performed or delivered can constitute a violation of the theft by taking statute, OCGA § 16-8-2). Hence, it was not necessary for the review panel to consider additional matters. See *Zant v. Stephens*, 250 Ga. 97 (297 SE2d 1) (1982) (death penalty may be imposed upon the finding of at least one statutory aggravating circumstance, regardless of the invalidity of other circumstances).

6. We remand this case to the review panel to reconsider a recommendation of disbarment upon the sole offense of the violation of Standard 4.

*Case remanded. Clarke, C. J., Smith, P. J., Weltner, Hunt, Benham, JJ., Judge Richard T. Winegarden and Judge James A. Henderson concur; Bell and Fletcher, JJ., not participating.*

DECIDED OCTOBER 4, 1990.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.

*Victoria D. Little,* for Cohran.