## A90A2143. ROBINSON v. THE STATE.
### (401 SE2d 621)

SOGNIER, Chief Judge.

Charles D. Robinson was convicted on three counts of theft by deception arising out of certain business investments made by Henry Falconer and Willard Williams in a corporation controlled by Robinson. He appeals, contending the evidence was insufficient to support the verdict.

Construed to support the verdict, the trial transcript discloses that in 1984 appellant and several other individuals invested capital in Robinson-Rouse Corporation ("RRC"), a company formed to manufacture and market backhoes. RRC established a $65,000 line of credit with the Cairo Banking Company (the "bank") secured by personal assets of the shareholders and a perfected security interest in RRC's existing and future inventory. Although it was successful in producing and marketing its product, RRC experienced cash flow problems throughout 1985. Appellant, RRC's president, pursued a variety of financing options, including applying for a Small Business Administration loan. Sometime during 1985, Henry Falconer, who was acquainted with appellant through their church, approached appellant about investing in RRC. Appellant proposed to Falconer that he purchase individual backhoe units in advance of manufacture and collect a dividend when the units were sold to buyers in the ordinary

course of business. Falconer agreed to purchase six units, and RRC provided him with a written agreement providing that he would invest $25,020 in equipment to be manufactured at a specified future date and his investment would be repaid within 45 days. Falconer testified he received six manufacturer's statements of origin ("MSO") from RRC listing backhoes by serial number, but that pursuant to their agreement the MSOs did not name an owner. When the backhoes were sold, Falconer submitted his MSOs, which were executed in the name of the buyer, and he was repaid his investment plus a dividend. He elected to reinvest his capital in an additional six units under the same procedure, but RRC soon was placed in receivership by several investors and then filed for reorganization under Chapter 11 of the Bankruptcy Code. Falconer and the other investors were listed as unsecured creditors, RRC was sold, and as of the date of trial Falconer had not been repaid for his investment.

Willard Williams testified to substantially the same facts. He was an employee and stockholder of RRC as well as an investor. He also invested in six units and rolled over his initial investment twice, receiving dividends equivalent to a 420 percent annualized rate of return each time, before the bankruptcy intervened. Both he and Falconer testified that appellant did not discuss the financial health of RRC and they did not inquire, relying instead on their confidence in appellant. Neither was aware of the prior perfected security interest of the bank until just before the receivership began. Two other investors who testified for the defense stated that they were aware of RRC's capitalization and cash flow difficulties, and one knew about the bank's lien, but both invested nonetheless because they thought RRC ultimately would succeed. Appellant testified that he never concealed or misrepresented RRC's financial condition, that the financial statements were available to investors but neither Falconer nor Williams inquired, and that he lost his entire investment in RRC as a result of the bankruptcy proceeding.

OCGA § 16-8-3 (a) provides that a person commits theft by deception "when he obtains property by any deceitful means or artful practice with the intention of depriving the owner of the property." Paragraph (b) specifies five ways in which an accused may be found to have "deceived" another, but appellant and the State agree the provisions applicable here are as follows: "A person deceives if he intentionally . . . [c]reates or confirms another's impression of an existing fact or past event which is false and which the accused knows or believes to be false; . . . [or s]ells or otherwise transfers or encumbers property intentionally failing to disclose a substantial and valid known lien, adverse claim, or other legal impediment to the enjoyment of the property, whether such impediment is or is not a matter of official record." OCGA § 16-8-3 (b) (1), (4).

We agree with appellant that the evidence adduced at trial was insufficient to support a conviction under either provision. First, with regard to the charges under both OCGA § 16-8-3 (b) (1) and (b) (4), the evidence unequivocally shows that the funds invested by Williams and Falconer were received by RRC, deposited into an RRC account, and used for the operation of the business and repayment of secured creditors. There is no evidence that appellant personally obtained or used the funds or that he received any benefit from any of the funds invested. Indeed, appellant testified without rebuttal that he lost his entire capital investment and that he and the other shareholders lost the collateral they had used to secure the line of credit. Accordingly, the State failed to prove that appellant "obtained property" of another as required by OCGA § 16-8-3 (a). *Stewart v. State*, 142 Ga. App. 493, 494-495 (2) (236 SE2d 278) (1977).

Second, a conviction under OCGA § 16-8-3 (b) (1) is authorized only when there is a deceitful misrepresentation regarding "an existing fact or past event," and a false promise of future performance cannot be the basis for a conviction. *Croy v. State*, 133 Ga. App. 244, 246 (1) (211 SE2d 183) (1974). " ' "The reason for the rule [regarding existing or past events] is that if the party to whom the representation was made . . . chose to rely upon the promise as to a future contingency, he is not deceived by deceitful means or artful practice . . . , but his loss results from his absolute confidence in the party making the promise." ' [Cit.]" (Emphasis omitted.) Id. at 247-248.

In the case at bar, Falconer and Williams, the persons named in the indictment as the victims of the alleged deception, expressly stated at trial that they did not rely on any statements or representations made by appellant concerning RRC's financial status. They acknowledged making no inquiries, and stated that they relied on their knowledge of and confidence in appellant as the basis for their investment decisions. Thus, the only representation they testified that was made by appellant was the promise that RRC would repay their investments, with a dividend, in the future. While the breach of that promise may give rise to a civil action, it cannot be the basis for a conviction under OCGA § 16-8-3 (b) (1). Id.; *Gordon v. State*, 257 Ga. 335 (359 SE2d 634) (1987); *Elliott v. State*, 149 Ga. App. 579, 581-582 (1) (254 SE2d 900) (1979).

Consequently, we find the evidence did not meet the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and thus hold the trial court erred by denying appellant's motion for directed verdict of acquittal. *Stewart*, supra at 495; *Croy*, supra at 248-249 (3).

*Judgment reversed. McMurray, P. J., and Carley, J., concur.*

DECIDED JANUARY 31, 1991.

*Smith, Perry & Epps, Ralph C. Smith, Jr.*, for appellant.
*J. Brown Moseley, District Attorney, Donald E. Henderson, Assistant District Attorney*, for appellee.