## IN THE MATTER OF W. LARRY COHRAN.
### (SUPREME COURT DISCIPLINARY No. 250)
#### (403 SE2d 811)

PER CURIAM.

The State Bar of Georgia brought disciplinary proceedings against W. Larry Cohran, charging him with violations of Standards 3, 4, and 45 of Bar Rule 4-102.

The special master found Cohran guilty of violating Standard 4. The review panel adopted and approved the findings of the special master, made additional findings, and recommended disbarment.

We affirmed the special master's entry of summary judgment as to a violation of Standard 4, and remanded the case to the review panel for reconsideration upon the sole offense of the violation of Standard 4 of its recommendation of disbarment. *In the Matter of W. Larry Cohran,* 260 Ga. 436 (396 SE2d 782) (1990).

After reconsideration, the review panel has reviewed the special master's findings as to the violation of Standard 4. It now recommends disbarment.

This disciplinary proceeding has been underway for nearly ten years. It has generated a record of more than 2,500 pages. Only today does it approach finality. Considering the circumstances surrounding the entire course of this matter, we are reluctant to disbar a lawyer by means of a process that — wherever the fault may lie — has consumed nearly ten years of time and resources.[1]

---

[1] The State Bar filed a complaint against Cohran in 1982. Cohran filed numerous motions — in excess of 35 motions during this proceeding. In 1986, the State Bar filed a notice

Accordingly, we order that W. Larry Cohran be suspended from the practice of law in the State of Georgia for two years, commencing June 15, 1991.

*Suspended. Clarke, C. J., Smith, P. J., Weltner, Hunt, Benham, JJ., and Judge Richard T. Winegarden and Judge James A. Henderson concur; Bell and Fletcher, JJ., not participating.*

DECIDED MAY 10, 1991 —
RECONSIDERATION DENIED JUNE 30, 1991.

*William P. Smith III, General Counsel State Bar, Briget B. Bagley, Assistant General Counsel State Bar,* for State Bar of Georgia.

---

of taking Cohran's deposition, after which notice various motions ensued. In 1988, this court relieved the special master and appointed a successor, who issued an order that all discovery be completed by January 10, 1989. In November 1988, Cohran filed various motions to compel the original complainant to appear for deposition. (Previously, he had filed various motions opposing the State Bar's attempt for such a deposition.) In December 1988, the State Bar, joined by the special prosecutor, filed a motion to dismiss the disciplinary proceeding because the complainant, who had moved to another state, was unwilling to come to Georgia to testify. In July 1989, the special master signed an order denying the State Bar's motion to dismiss the proceedings and in September 1989, filed a report finding as a matter of law that Cohran violated Standards 4 and 31. Cohran filed various motions. In November 1989, the special master entered an order requiring the State Bar to file a motion for summary judgment by a specific date. After acting upon various other motions, the special master granted the State Bar's motion for summary judgment. The review panel made its report in March 1990. The case was argued in this court in June 1990 and decided October 4, 1990, by remand to the review panel. After the review panel completed its reconsideration, along with various motions filed by Cohran, the case was argued in this court on March 11, 1991.