A93A0224. KIMBLE v. THE STATE.
(432 SE2d 636)

Cooper, Judge.

Appellant was convicted of three counts of theft by deception and appeals from the trial court's denial of his motion for new trial.

The indictment charged appellant with obtaining the property of Ethel Mae Eberhart, Carrie Willingham and Helene Thomas with the intention of depriving the victims of said property by promising performance under certain home construction agreements which he knew would not be performed. OCGA § 16-8-3 (b) (5). Viewing the evidence in a light to support the verdict, it shows that appellant entered into a contract with Ms. Eberhart to rebuild her home for an initial down payment of $5,000. Ms. Eberhart gave appellant $5,000, and appellant partially cleared the lot upon which the house was to be built and dug trenches for the footing. Ms. Eberhart and her daughter testified that they only saw appellant on site on approximately two occasions and that appellant never remained on site for a full day. Appellant explained that he would have to leave to finish other jobs and to collect money from other people to prevent them from prosecuting him but that his uncle would remain and work after his departure. Appellant never completed the house and retained all but approximately $200 of the $5,000 paid by Ms. Eberhart.

Appellant and Ms. Willingham had an agreement for the construction of an addition to Ms. Willingham's home wherein Ms. Willingham was to initially pay appellant $1,500 as a down payment, and upon completion, an additional $1,500 would be due. After Ms. Willingham made the down payment, appellant removed the brick from the rear of the house, laid a foundation, "preformed" the back of the house with two-by-sixes and put up the bottom rafters and studs. Appellant testified that he completed nearly 55 percent of the work before money became a factor. Appellant then abandoned this project. There was also an agreement for the construction of an addition to the home of Carrie Thomas for a down payment of $1,500. Appellant received the payment and removed the brick from the back of her bedroom and dug out the footing for the addition. Appellant testified that his helpers walked off the job because he was unable to pay them, and as a consequence, he did not complete the project.

Appellant also testified that he engaged another contractor to assist him in building Ms. Eberhart's home and gave the contractor a portion of the $5,000 but never saw the contractor again. He maintained that after the contractor fled he only had approximately $2,700 left; that he used a portion of the money to satisfy financial obligations to other creditors; and that while under arrest for a bad check written by his ex-wife, appellant's uncle broke into his home, took the money and went to Florida. Appellant admitted that he did not finish the jobs because he ran out of money and that he was getting money from Ms. Thomas and Ms. Willingham to satisfy Ms. Eberhart.

1. Appellant raises the general grounds and contends the trial court erred in denying his motion for directed verdict because appellant never misrepresented an existing fact, relying on *Robinson v. State*, 198 Ga. App. 431 (401 SE2d 621) (1991).

"As is pertinent to this case, OCGA § 16-8-3 provides: '(a) A person commits the offense of theft by deception when he obtains property by any deceitful means or artful practice with the intention of depriving the owner of the property. (b) A person deceives if he intentionally: . . . (5) Promises performance of services which he does not intend to perform or knows will not be performed. Evidence of failure to perform standing alone shall not be sufficient to authorize a conviction under this subsection.' 'The purpose of this law is not to enforce the contract to perform services, but to punish the fraudulent procurement of money, or other thing of value under the contract. . . . To make a prima facie case the State must prove, among other things, a definite contract; that the defendant failed to perform the services so contracted for, without good and sufficient cause; and that he failed to return the money so advanced . . . , without good and sufficient cause, and all to the loss and damage to the hirer. Mere proof that the defendant failed to carry out the contract does not give rise to a presumption that he did so without good and sufficient cause, nor is such essential element supplied by statements of the hirer that he knew of no good reason why the laborer did not comply with the contract.' . . . [Cit.]" *Holt v. State*, 184 Ga. App. 664, 665-666 (1) (362 SE2d 464) (1987).

In our view, the evidence was sufficient to enable a rational trier of fact to find appellant guilty as charged in the indictment beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Because appellant was not charged with theft by deception under OCGA § 16-8-3 (b) (1) rather than OCGA § 16-8-3 (b) (5), the State was not required to prove that the accused created or confirmed "another's impression of an existing fact or past event which [was] false and which the accused [knew] or believe[d] to be false." Thus, appellant's reliance on *Robinson* is misplaced, and the trial court did not err in denying appellant's motion for directed ver-

dict.

2. Appellant also enumerates as error the trial court's refusal to give his requested jury charges. " ' "A request to charge must be legal, apt, and precisely adjusted to some principle involved in the case, and be authorized by the evidence." (Cit.)' [Cit.]" *Jirles v. State*, 204 Ga. App. 268 (2) (419 SE2d 117) (1992). Although the charges submitted by appellant are correct statements of the law, the trial court did not err in refusing to give them because they set forth the State's burden of proof under OCGA § 16-8-3 (b) (1) and therefore were not properly adjusted to the facts.

*Judgment affirmed. McMurray, P. J., and Beasley, P. J., concur.*

DECIDED JUNE 11, 1993.

*Allen W. Johnson*, for appellant.

*Michael C. Eubanks, District Attorney, Richard E. Thomas, Nancy J. Berger, Assistant District Attorneys*, for appellee.