A94A1408. AVERY v. CHRYSLER MOTORS CORPORATION et al.

(448 SE2d 737)

BEASLEY, Presiding Judge.

Avery purchased a new 1987 Dodge Omni from Heritage Chrysler-Plymouth-Dodge. He experienced difficulties with the car that he attributed to a defective condition relating to carburetors, part of the method of fuel delivery used in Omni cars. He sued both Chrysler Motors Corporation and Heritage alleging fraud, product liability, and violation of the Georgia RICO (Racketeer Influenced & Corrupt Organizations) Act, OCGA § 16-14-1 et seq. Defendants' motion for summary judgment was granted as to Heritage on the product liability claim and to both defendants on the RICO claim. The case was tried and, after judgment was entered on the jury verdict of $75,000, Avery appealed the elimination of the RICO claim.

1. The court granted summary judgment on the RICO claim based on Avery's failure to establish a jury question on theft by de-

ception, the predicate criminal offense alleged. OCGA § 16-8-3. Avery's first three enumerations of error challenge each of the three consecutive legal sentences found in the court's order ruling on the subject: "Jury issues as to civil fraud do not necessarily create jury issues as to the criminal offense of Theft by Deception. The elements of the civil cause of action for fraud are different from the elements of the felony offense of Theft by Deception. The definition of criminal intent under Georgia law is different from the scienter required for civil fraud." The court found no evidence of criminal intent so as to create a jury issue.

Avery offers a single, three-step argument: 1) the court found evidence creating a jury issue on the count alleging civil fraud; 2) there is no difference between the evidence needed to demonstrate civil fraud and that needed to demonstrate theft by deception; and 3) given the first two premises, it was logically impossible for the court to rule that there was no evidence establishing the elements of the predicate act of theft by deception for the RICO claim.

Avery's second premise is an incorrect statement of the law. Theft by deception and civil fraud have different elements and are not necessarily proved by the same evidence. See *Robinson v. State*, 198 Ga. App. 431, 433 (401 SE2d 621) (1991). Theft by deception is committed when a person "obtains property by any deceitful means or artful practice with the intention of depriving the owner of the property." OCGA § 16-8-3 (a). "A person deceives if he intentionally: (1) Creates or confirms another's impression of an existing fact or past event which is false and which the accused knows or believes to be false; [or] (2) Fails to correct a false impression of an existing fact or past event which he has previously created or confirmed. . . ." OCGA § 16-8-3 (b). Although OCGA § 16-8-3 (b) (2) does not specifically state that a deceiving person must "know[ ] or believe[ ]" an impression is false, that state of mind is implicit in the requirement of OCGA § 16-8-3 (b) (2) that a deceiving person "intentionally" fail to correct a false impression; without knowledge or belief that an impression is false, there can be no intentional failure to correct it. Deceit does "not, however, include . . . exaggeration by statements unlikely to deceive ordinary persons in the group addressed." OCGA § 16-8-3 (c).

The tort of fraud requires a "[w]illful misrepresentation of a material fact, made to induce another to act, upon which such person acts to his injury. . . ." OCGA § 51-6-2 (a); see also OCGA § 23-2-52.[1]

---

[1] Although Avery's own motion for summary judgment referred to OCGA § 23-2-51, his complaint set out a claim for damages for the tort of fraud, rather than for equitable relief. See *Bryson v. Button Gwinnett Savings Bank*, 205 Ga. App. 668, 669 (1) (423 SE2d 691) (1992); *Johnson Realty v. Hand*, 189 Ga. App. 706, 711-712 (7) (377 SE2d 176) (1988).

"In all cases of [fraud], knowledge of the falsehood constitutes an essential element of the tort. A fraudulent or reckless representation of facts as true when they are not, if intended to deceive, is equivalent to a knowledge of their falsehood even if the party making the representation does not know that such facts are false." OCGA § 51-6-2 (b); see also OCGA §§ 23-2-52; 23-2-53. "A fraud may be committed by acts as well as words." OCGA § 51-6-4 (a). It has often been stated that " '[t]he tort of fraud has five elements: a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff.' " *Baldwin v. Roberts*, 212 Ga. App. 546, 547 (2) (442 SE2d 272) (1994).

Avery urges us to equate the mens rea (general criminal intent) needed to prove a criminal case with the scienter (knowledge) needed to prove civil fraud. The statutory definitions of the necessary intent for the civil and criminal actions here are distinct. Scienter for fraud purposes may be shown by a fraudulent or reckless representation "even if the party making the representation *does not know that such facts are false*." (Emphasis supplied.) OCGA § 51-6-2 (b); see *Lester v. Bird*, 200 Ga. App. 335, 338 (1) (408 SE2d 147) (1991). Theft by deception requires that the person committing the crime *does* "know[ ] or believe[ ]" that the created impression (which itself must have been intentionally created or confirmed) is false. OCGA § 16-8-3 (b). Reckless disregard of the truth cannot be used to prove theft by deception; there must be knowledge, or at least belief, that an impression is false. Without that, there can be no intent to deceive.

The trial court was correct in concluding that civil fraud and theft by deception have different elements and that therefore showing that there are jury issues as to fraud does not necessarily show there are jury issues as to theft by deception. See *Robinson*, supra; *Gordon v. State*, 257 Ga. 335, 336 (359 SE2d 634) (1987); *Elliott v. State*, 149 Ga. App. 579, 582 (1) (254 SE2d 900) (1979). The predicate act for the RICO claim must stand or fall on its own. The court was also correct in concluding that a failure to show the level of intent needed for proving theft by deception would preclude a jury issue on that crime as a predicate act for RICO purposes, defeating the RICO claim.

The question remains whether the evidence showed the intent necessary to create a jury issue on theft by deception. "[I]n ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions arising therefrom most favorably toward the party opposing the motion. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 595-596 (370 SE2d 843) [(1988)]. Nevertheless, a movant for summary judgment who is a defendant may discharge his burden by pointing out by reference to the affida-

vits, depositions, and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) [(1991)]. At summary judgment a party who will not bear the burden of proof at trial need not conclusively prove the opposite of each element of the nonmoving party's case. Rather, that party must demonstrate by reference to evidence in the record that there is an absence of evidence to support at least one essential element of the nonmoving party's case." *Garmon v. Warehouse Groceries Food Center*, 207 Ga. App. 89, 91 (1) (427 SE2d 308) (1993).

We consider only the evidence before the court at the time of its ruling on the motion for summary judgment. Any evidence Avery may have produced at trial in the course of establishing his case on civil fraud that also might have shown theft by deception is not part of our review, as he was bound to produce it in response to the motion for summary judgment. " ' "[A]ppellate courts will review only evidence presented to the trial court before its ruling on the motion. . . ." (Cit.)' [Cit.]" *Southern Dev. Co. v. ShepCo Paving*, 206 Ga. App. 535 (1) (426 SE2d 234) (1992). The fact that a jury later found proof of civil fraud does not affect our examination of the trial court's decision on RICO and theft by deception.

In their motion, defendants challenged the RICO count on the basis that, for one thing, there was no evidence of the intent necessary to establish theft by deception. The motion specified that the inability to show the necessary intent was evidenced in Avery's deposition, that he relied on advertisement representations that the vehicle was covered by a good warranty, which was not false much less an intentional deception. In response, Avery did not make specific reference to where evidence showing the necessary criminal intent could be found, even circumstantially, but referred the court to his own prior motion for summary judgment and various documents in discovery, presumably in the belief that evidence on all issues raised by the defense motion could be found there and that the court would determine what evidence was to meet which issue.

To show that a jury issue on theft by deception was presented by the evidence, Avery would have to show that a false impression was created as to an existing fact, as well as show the defendants' knowledge of its falsity. OCGA § 16-8-3 (b) (1), (2). Avery avers that television advertisements, his test drive of the car, and remarks of the salesman created the false impression that the car he purchased was reasonably suited as safe and dependable transportation, and that defendants both created this impression and failed to correct it. Although there may have been a false impression, there could be no

theft by deception without defendants' knowledge or belief that the impression was false. The whole purpose of the warranty was to correct any problems that arose in the future use of the vehicle.

Avery does not allege that the defendants created the impression that the car was perfect or free from defects, only that it was reasonably fit to serve as safe and dependable transportation. Avery does not aver that defendants created the impression that *any* Omni he might have purchased would be perfect.[2] Rather the impression Avery avers he relied upon concerned the specific car he bought.

Avery attempts to show evidence of defendants' criminal intent by his own affidavit, Chrysler's technical service bulletins for the vehicle, and a recall of Omnis of model years other than that of Avery's car. Evidence of any recall that does not affect Avery's car does not demonstrate knowledge that Avery's car was unfit to serve as safe and dependable transportation, the impression Avery claims was falsely created.

Defendants' alleged knowledge that the car was not reasonable transportation could be rooted in either knowledge that all 1987 Omnis were defective, or in knowledge that the specific car purchased was defective. There is no evidence that defendants knew all 1987 Omnis were defective. Avery asserts that evidence of this knowledge can be inferred by the car's being subject to technical service bulletins, that is, that it might experience certain problems that the technical service bulletins anticipated and instructed how to correct should they arise. The bulletins do not contain any statement that all cars covered by them are defective and will manifest the described symptoms; they do not contain any statement of how likely it is that such problems would occur, and do not give rise to any jury inference of knowledge or belief on the part of defendants that any such problem would occur with Avery's car. They therefore cannot show that defendants had the requisite knowledge or belief that Avery's car was one of a set of necessarily defective cars so as to support the crime of theft by deception. As in *Robinson,* supra, the facts here may give rise to civil suit, but do not support a criminal charge.

Nor is there any evidence suggesting that the defendants knew this specific car was defective; nowhere in the record is there any evidence from which a jury could conclude that defendants were aware that the vehicle in question would, or even *probably* would, prove to pose the problems Avery reported. Mere recognition that the problematic symptoms might arise in any vehicle in the model line Avery purchased, and preparation for repair of those symptoms, does not

---

[2] Had he relied upon any such impression, he probably would have run afoul of OCGA § 16-8-3 (c), as ordinary persons would not be likely to be deceived by such an exaggeration concerning machinery as complicated as an automobile.

demonstrate that the defendants knew Avery's vehicle would not serve as reasonable transportation. Without such evidence, no predicate act of theft by deception could be shown and no RICO count could be maintained. Compare *Interagency, Inc. v. Danco Financial Corp.*, 203 Ga. App. 418 (417 SE2d 46) (1992) (facts did support conclusion of necessary intent for predicate act of theft by deception).

The intent necessary for the crime of theft by deception, as alleged by Avery and set forth in the statute, must be specific to the creation of a known false impression. There is no evidence that defendants knew any impression created about Avery's car and relied upon by him was false, and no evidence of criminal intent to sell Avery a defective car so as to meet the statutory requirements of theft by deception.

2. Avery's remaining enumeration is moot.

*Judgment affirmed. Andrews and Johnson, JJ., concur.*

DECIDED SEPTEMBER 9, 1994.

*Edenfield, Stone & Cox, Ben Kirbo, Simpson, Gray & Carter, Ralph F. Simpson,* for appellant.

*Freeman & Hawkins, Joanne B. Brown, Robert U. Wright,* for appellees.