A11A0803. STRATACOS v. THE STATE.

(720 SE2d 256)

BARNES, Presiding Judge.

Steven George Stratacos was charged with ten counts of theft by deception and ten counts of conversion of payments for real property improvements. Following a jury trial, Stratacos was convicted of all ten counts of theft by deception. Citing numerous grounds, he filed a motion for new trial which the trial court denied. He now appeals, asserting that the trial court erred by failing to instruct the jury as to his sole defense of claim of right, and by denying his motion for directed verdict as to several of the counts. Upon our review we affirm.

On appeal, we view the evidence, and all reasonable inferences drawn from it, in the light most favorable to the verdict, and we no longer presume the defendant is innocent. *Campbell v. State*, 278 Ga. 839, 840 (1) (607 SE2d 565) (2005). We do not weigh the evidence or decide the witnesses' credibility, but only determine if the evidence is sufficient to sustain the convictions. Id.

Viewed in this light, the evidence shows that between November 2005 and July 2006, Stratacos entered into agreements, using the name Steve George, with several persons to perform various contracting jobs. In November 2005, he contracted with Scott Collins to replace the roof on a commercial building for $10,200. After receiving payment of $6,867, Stratacos worked one day and never completed the job. On March 14, 2006, he contracted with George Pearson to build a storage building for $4,000. He received payment of $3,000, and after pouring a concrete base and framing three walls, he never returned to complete the job. Stratacos contracted with Lynn Faust on March 20, 2006 to replace her roof and install skylights for $4,000. He cashed the $2,000 advance check, cut out holes in the ceiling for skylights, and never returned. He contracted with Leonard Poon on May 30, 2006 for an interior remodel for $4,505, which he never completed after receiving $2,252.50.

In April 2006, Stratacos entered into two contracts with Patricia Mataras. One of the contracts was to replace eleven windows in her daughter's home for $4,437.50, and the other was for $40,000 for renovations to her new home. After receiving a total of $14,137.50 to work on both projects, Stratacos only replaced seven windows. He did not complete any other work or return any of the money Mataras advanced to him.

On June 12, 2006, Maxwell Ward paid Stratacos $395 for a full payment on a contract for a small repair job at Ward's home. Stratacos never returned after receiving the money.

Stratacos entered into a contract with Trinity Lutheran Church in July 2006 for $15,600 to replace the church's siding. He was paid $7,800 but never returned to undertake any work on the church. The church's representative attempted to contact Stratacos on multiple occasions but was unsuccessful. Stratacos was also paid $3,220 as the initial payment on a $4,955 contract on July 1, 2006 to install a pool liner for Dorothy Jones. The work was never started, and although Jones left "15 or 20 voice mails" for him, Stratacos never returned to fulfil the contracted job.

On July 8, 2006, Stratacos entered into a contract with Evan Firestone for $35,941 to renovate his home. Stratacos received over $26,000 over a ten-day period, but only completed approximately $6,000 of the contracted work.

At trial the State presented evidence of similar transactions, including Stratacos's guilty pleas for felony theft by conversion, felony theft by taking and felony conversion of payments for real property improvements.

1. Stratacos first contends that the trial court erred by failing to charge the jury on his sole defense, claim of right. He acknowledges that he never requested the charge, or objected to the charge as

given, but argues that pursuant to OCGA § 5-5-24 (c),[1] the failure to charge on his sole defense was harmful as a matter of law, regardless of whether an objection was made.

> When the evidence could support a charge on the defendant's sole defense, such charge must be given by the trial court whether or not requested by the defendant. Even though [Stratacos] did not object to the charge or reserve the right to later object, we must consider a substantial error in a jury charge that is harmful as a matter of law, regardless of whether or not objection was made below. If an affirmative defense is raised by the evidence, including the defendants' own statements, the trial court must present the affirmative defense to the jury as part of the case in its charge, even absent a request.

(Citations and punctuation omitted.) *Watts v. State*, 259 Ga. App. 531, 533 (3) (578 SE2d 231) (2003).

Pursuant to OCGA § 16-8-10, "[i]t is an affirmative defense to a prosecution for violation of Code Sections 16-8-2 through 16-8-7 that the person . . . (2) Acted under an honest claim of . . . a right to acquire . . . [the property] as he did. . . ." OCGA § 16-8-10 (2). However, merely denying any intent to deprive the owner of the property does not set forth a "claim of right" to the property as an affirmative defense to a theft prosecution. *Mathis v. State*, 147 Ga. App. 148, 149 (3) (248 SE2d 212) (1978). In its order denying Stratacos's motion for new trial, the trial court found that

> the evidence did not support a charge on the defense of claim of right. Further, such defense would have been in addition to other theories pursued by [Stratacos], to wit, that there was insufficient evidence of his intent to deprive the owners of their property at the time he obtained it, and that it became impossible for him to perform the promised work.

At trial, Stratacos essentially testified about the reasons he was prevented from completing the jobs, including problems in his personal life, and that he had intended to complete the work. He testified that he had composed a list with his pastor of "how much

---

[1] OCGA § 5-5-24 (c) provides: "Notwithstanding any other provision of this Code section, the appellate courts shall consider and review erroneous charges where there has been a substantial error in the charge which was harmful as a matter of law, regardless of whether objection was made hereunder or not."

work was done on each job, how much I owed the people."

As Stratacos did not object to the charge as given, and an instruction to the jury on claim of right was not warranted as Stratacos's sole defense, the trial court did not err in failing to sua sponte charge the jury on this affirmative defense. See *Davis v. State*, 269 Ga. 276, 279-280 (3) (496 SE2d 699) (1998).

2. Stratacos also contends that the trial court erred in denying his motion for directed verdict on several of the counts because there was no evidence proving the value of the work done as opposed to the value of the advances given to him.

On appeal, "the standard of review for denial of a motion for directed verdict is the same as that for determining the sufficiency of the evidence to support a conviction." (Punctuation omitted.) *Chambers v. State*, 288 Ga. App. 550 (654 SE2d 451) (2007).

Pursuant to OCGA § 16-8-3, a person commits the offense of theft by deception "when he obtains property by any deceitful means or artful practice with the intention of depriving the owner of the property." OCGA § 16-8-3 (a). There are several methods by which a person may intentionally deceive another. OCGA § 16-8-3 (b). These methods include where the person: "[c]reates or confirms another's impression of an existing fact or past event which is false and which the accused knows or believes to be false"; or "[p]romises performance of services which he does not intend to perform or knows will not be performed. Evidence of failure to perform standing alone shall not be sufficient to authorize a conviction under this subsection." OCGA § 16-8-3 (b) (1) and (5); see *Adams v. State*, 249 Ga. App. 730, 731 (549 SE2d 539) (2001).

In each of the ten counts of theft by deception, Stratacos was charged with obtaining funds "with the intention of depriving the owner of said property by deceitful means, in that he did intentionally promise performance of services, to wit: home improvement services . . . which he did not intend to perform and complete."

> To make a prima facie case of theft by deception based on a promise of service, the state must prove, among other things, a definite contract; a failure to perform the contracted-for services without good and sufficient cause; and a failure to return the money advanced under the contract without good and sufficient cause.

*Campbell v. State*, 286 Ga. App. 72, 73 (1) (648 SE2d 684) (2007). Contrary to Stratacos's contention, there was no requirement to prove the value of work done. In each of the counts, the State presented adequate proof that there was a contract price, Stratacos received money under the terms of the contract, he did not intend to perform

all of the contracted services, and he did not return the money.

The evidence was sufficient to support Stratacos's conviction for theft by deception in each of the counts, and thus the trial court did not err in denying his motion for a directed verdict. See *Kimble v. State*, 209 Ga. App. 36, 37 (1) (432 SE2d 636) (1993).

*Judgment affirmed. Adams and Blackwell, JJ., concur.*

DECIDED NOVEMBER 22, 2011 —

*Nathanael A. Horsley*, for appellant.

*Kenneth W. Mauldin, District Attorney, James V. Chafin, Assistant District Attorney*, for appellee.