[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-16176

_____

D. C. Docket No. 1:09-cv-03620-WSD

JONATHAN ROSEN,

Plaintiff-Appellant,

versus

AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY,
ZURICH AMERICAN INSURANCE COMPANY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 9, 2013)

Before TJOFLAT and BLACK, Circuit Judges, and MOTZ,* District Judge.

PER CURIAM:

_____

* Honorable J. Frederick Motz, United States District Judge for the District of Maryland, sitting by designation.

This case arises from a Settlement and Release Agreement (Settlement Agreement) resolving an earlier bad faith action between Jonathan Rosen and his former insurer, American Guarantee and Liability Insurance, a wholly owned subsidiary of Zurich American Insurance Company (collectively, Zurich). Rosen asserted ten counts[1] in a Complaint related to alleged violations of a "no detriment" provision contained in the Settlement Agreement, and the district court granted final summary judgment[2] to Zurich. On appeal, Rosen asserts the district court erred in finding that: (1) Zurich did not breach the Settlement Agreement; (2) Zurich did not fraudulently induce Rosen to enter into the Settlement Agreement; and (3) no reasonable juror could have found that Zurich committed any predicate acts sufficient to support Rosen's claims that Zurich violated, or conspired to violate, Georgia's RICO Act. After reviewing the record and the

---

[1] The ten counts include: (1) fraud in the inducement to enter into a settlement agreement, (2) fraud in the inducement to renew Rosen's 2008-09 enrollment in the Protective Errors & Omissions (E&O) program, (3) fraud in the creation and distribution of the May 2008 loss run that included costs associated with Rosen's litigation, (4) violations of Georgia's RICO Act, (5) conspiracy to violate Georgia's RICO Act, (6) breach of the settlement agreement, (7) negligent administration of the Protective E&O Life Insurance Program, (8) negligence per se, (9) attorneys' fees under O.C.G.A. § 13-6-11, and (10) punitive damages.

[2] The district court granted Zurich's motion for summary judgment on all of Rosen's claims except the alleged breach of the Settlement Agreement in May 2008, and the attorneys' fees related to that count. However, Rosen later moved to dismiss with prejudice the remaining claims, and the district court granted that motion, ordering that its earlier Opinion and Order granting summary judgment in part become final and that final judgment be entered in favor of Zurich.

2

parties' briefs, and having had the benefit of oral argument, we affirm the district court's grant of summary judgment.[3]

The no detriment provision of the Settlement Agreement provides:

IT IS FURTHER UNDERSTOOD AND AGREED that the terms of this Release and the terms of the settlement of this claim shall not be used to the detriment of the Parties, shall remain confidential, and shall not be disclosed to any person not a party or privy to this settlement except as may be required by law.

Rosen attempts to use parol evidence from the negotiation of the Settlement Agreement to show the no detriment provision was meant to apply not only to the terms of the Settlement Agreement itself, but also to the existence of the Loretta Griffin action and the existence of the bad faith action and its settlement.

The no detriment provision is not ambiguous. The no detriment provision applies to the *terms* of the settlement only. *See First Data POS, Inc. v. Willis*, 546 S.E.2d 781, 784 (Ga. 2001) ("Whenever the language of a contract is plain, unambiguous, and capable of only one reasonable interpretation, no construction is required or even permissible, and the contractual language used by the parties must be afforded its literal meaning."). As the district court noted, this is the only

---

[3] "We review *de novo* a grant of summary judgment." *Univ. of Ala. Bd. of Trustees v. New Life Art, Inc.*, 683 F.3d 1266, 1271 (11th Cir. 2012). "We will affirm if, after construing the evidence in the light most favorable to the non-moving party, we find that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Id.* (quotations omitted).

logical interpretation.  If we accepted Rosen's interpretation, Zurich would not be permitted to consider Rosen's claim history and adjust his premium based on risk in underwriting future policies.  As written, the no detriment provision prohibits only the use of the terms of the Settlement Agreement, not the underlying conduct that led to the Settlement Agreement.

The district court was correct in concluding Zurich did not breach the Settlement Agreement by:  (1) proposing a premium increase to Protective Life Insurance Company in December 2007, or (2) refusing to allow Rosen to participate in the Old Mutual Errors and Omissions Program.  There is no evidence these actions were based on the terms of the Settlement Agreement.  Thus, Zurich did not violate the plain language of the no detriment provision.

Further, the district court's conclusion that Zurich did not fraudulently induce Rosen to enter into the Settlement Agreement was correct.  Generally, a breach of a promise contained in a contract cannot amount to actual fraud because to hold otherwise would mean that any breach of contract amounts to fraud.  *TechBios, Inc. v. Champagne*, 688 S.E.2d 378, 380-81 (Ga. Ct. App. 2009).  "However, an exception to this rule exists where a promise as to future events is made with a present intent not to perform or where the promisor knows that the future event will not take place."  *Id.* at 381 (quotations omitted).  As Rosen

4

cannot show that Zurich did not perform as promised in the Settlement Agreement,[4] Zurich's actions cannot support a finding of fraud in the inducement of the contract.

The district court also did not err in concluding that no reasonable juror could have found that Zurich committed any predicate acts sufficient to support Rosen's claims that Zurich violated, or conspired to violate, the Georgia RICO Act. *See* O.C.G.A. § 16-14-1, *et seq.* The element of intent necessary to support a finding that Zurich's actions constituted the RICO predicate crimes of theft by taking, O.C.G.A. § 16-8-2; theft by deception, *id.* § 16-8-3; or mail and wire fraud, 18 U.S.C. § 1341; is more rigorous than the intent necessary to support a finding that Zurich committed civil fraud. *Compare Brown v. State*, 692 S.E.2d 9, 11 (Ga. Ct. App. 2010) (explaining "[t]he evidence must show that the requisite intent to deprive the owner of the property was present at the time of the taking" for theft by taking), *Avery v. Chrysler Motors Corp.*, 448 S.E.2d 737, 739 (Ga. Ct. App. 1994) (stating "[t]heft by deception requires that the person committing the crime *does* 'know[] or believe[]' that the created impression (which itself must have

---

[4] The district court considered Zurich's inclusion of the amount of settlement in the May 2008 loss run (which it found to be a breach of the Settlement Agreement), but concluded this breach, without more, did not create an issue of material fact regarding whether Zurich fraudulently misrepresented its intentions to perform under the contract. On appeal, Rosen does not include argument that the May 2008 loss run itself was enough to show fraud in the inducement.

been intentionally created or confirmed) is false"), *and United States v. Kreimer*, 609 F.2d 126, 128 (5th Cir. 1980) (stating the mail fraud statute requires proof "not only that there was fraudulent activity but also that the defendant had a 'conscious knowing intent to defraud'"), *with Avery*, 448 S.E.2d at 739 (explaining the lesser intent necessary for civil fraud, as civil fraud "may be shown by a fraudulent or reckless representation 'even if the party making the representation does not know that such facts are false'").  Because Rosen is unable to create a genuine issue of material fact that Zurich had the lesser intent to commit civil fraud, it follows that he is also unable to create a genuine issue of material fact that Zurich had the intent to commit any predicate acts under Georgia's RICO Act.

As to Rosen's claim that Zurich and Insurance Specialities Services, Inc. conspired to violate Georgia's RICO Act, a "plaintiff must show a direct nexus between at least one of the predicate acts listed under the RICO Act and the injury [the plaintiff] purportedly sustained." *Schoenbaum Ltd. Co. v. Lenox Pines, LLC*, 585 S.E.2d 643, 655 (Ga. Ct. App. 2003) (quotations omitted).   A plaintiff must

6

show the predicate act actually harmed him, not a third party.  *See id.*  Rosen

cannot show the purported conspiracy harmed him in any cognizable manner, and

thus does not have standing for his RICO conspiracy claim.

    **AFFIRMED.**